This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Defendant-Appellant, William Brundage (hereinafter "Brundage"), appeals the trial court's decision which found him guilty of violating Poland Township Resolution 95.32.1 governing barking and noisy animals. For the following reasons, we conclude that resolution is not unconstitutionally vague and affirm the trial court's decision.
On November 30, 2000, Brundage was cited for negligently allowing his dog to bark, thus disturbing the peace in violation of Poland Township Resolution 95.32.1. He pled not guilty at his December 20, 2000 arraignment and, on December 22, 2000, his attorney filed a notice of appearance and a motion to dismiss, arguing the resolution was unconstitutionally vague. On December 29, 2000, the trial court overruled that motion to dismiss and Brundage subsequently pled no contest to the charge. The trial court found Brundage guilty of violating the resolution and fined him accordingly.
Brundage's sole assignment of error argues:
 "The trial court committed reversible error in overruling Appellant's motion to dismiss and finding Poland Township Resolution 95.32.1 to be constitutional."
Because we find the resolution provides sufficient notice of its proscriptions and contains reasonably clear guidelines that a person of ordinary intelligence will be able to understand what the law requires of him or her, we affirm the trial court's decision.
As an initial matter, we note the State has failed to file an appellee's brief. When an appellee files no brief with an appellate court, "the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C). In the present case, all relevant facts can be gleaned from the record before this Court. Thus, there is no need to take Brundage's statement of facts and issues as true.
Brundage argues the resolution is unconstitutionally vague. There is a strong presumption in favor of the constitutionality of statutes and the party must prove that unconstitutionality beyond a reasonable doubt. Statev. Anderson (1991), 57 Ohio St.3d 168, 566 N.E.2d 1224, certiorari denied(1991), 501 U.S. 1257, 111 S.Ct. 2904, 115 L.Ed.2d 1067. When anresolution is challenged as unconstitutionally vague, the reviewing courtmust determine whether the statute provides sufficient notice of itsproscriptions and contains reasonably clear guidelines to prevent officialarbitrariness or discrimination in its enforcement. Perez v. Cleveland(1997), 78 Ohio St.3d 376, 378, 678 N.E.2d 537, 540. In order toestablish a statute as unconstitutionally vague, the challenging partymust show that an examination of the statute would not enable a person ofordinary intelligence to understand what the law requires him to do orthat the acts he committed were prohibited. Anderson at 171,566 N.E.2d at 1226; Chicago v. Morales (1999), 527 U.S. 41, 56-57, 119 S.Ct. 1849,1859, 144 L.Ed.2d 67, 80.
 Barking dog ordinances have repeatedly been challenged in the variouscourts of appeal in Ohio for being unconstitutionally void forvagueness. Most courts have found the challenged ordinancesconstitutional. The Ninth District was faced with one of the first suchchallenges in Wadsworth v. Brunk (May 26, 1982), Medina App. Nos. 1106,1007, and 1136, unreported. In Wadsworth, the challenged ordinancestated:
 "No owner, keeper or harborer of a dog shall permit or allow such dogto annoy or disturb any person by frequent or habitual howling, yelping,barking or making of other noises by such dog." Id.
 In holding the ordinance was not unconstitutionally vague, the courtfound that, rather than being vague, the ordinance's provisions were "allto [sic] clear." Id.
 The next challenge to this type of ordinance occurred in Whitehall v.Zageris (April 25, 1985), Franklin App. No. 83AP-805, unreported. Theordinance in that case provided:
 "No person shall keep or harbor any animal or fowl which howls or barksor emits audible sounds which are unreasonably loud or disturbing andwhich are of such a character, intensity and duration as to disturb thepeace and quiet of the neighborhood or to be detrimental to the life andhealth of any individual." Id.
 The Tenth District found this ordinance was not vague because it was
 "addressed to the specific neighborhood in which the noise occurs. Inaddition, the Whitehall ordinance incorporates an objective standard,prohibiting only noises which are `unreasonably loud or disturbing,' andalso gives specific factors to measure the disturbance by the`character, intensity and duration' of the noise. These additionalelements bring the Whitehall ordinance within the category of thoseapproved by the court in State v. Dorso (1983), 4 Ohio St.3d 60, [4 OBR150, 446 N.E.2d 449,] as an ordinance which is unlikely to confusepersons of ordinary intelligence regarding which conduct is prohibited bythe law." Id. at 3.
 Likewise, in Lebanon v. Wergowske (1991), 70 Ohio App.3d 251,590 N.E.2d 902, the court found an ordinance which prevented "a dog whichby loud and frequent or habitual barking, howling or yelping [from]caus[ing] annoyance or disturbance to the neighborhood" was notunconstitutional. Id. at 252, 590 N.E.2d at 903. The Twelfth Districtheld the ordinance was constitutional because it "contains the qualifyingwords `loud,' `frequent' and `habitual,' which clarify the ordinance andset forth an ascertainable standard of guilt." Id. at 254,590 N.E.2d at 904; see also City of South Euclid v. Haffey (July 29, 1993), CuyahogaApp. No. 63283, unreported.
 Recently, the Eleventh District was faced with another challenge to abarking dog resolution in State v. Ferraiolo (2000), 140 Ohio App.3d 585,748 N.E.2d 584. The resolution in Ferraiolo stated:
 "No person shall keep or harbor any dog which howls or barks, or emitsaudible sounds which are unreasonably loud or disturbing and which are ofsuch a character, intensity and duration so as to disturb the peace andquiet of the neighborhood or to be detrimental to the life and health ofany individual." Id. at 586, 748 N.E.2d at 584-585.
 The Eleventh District found this resolution unconstitutionally vague.
 "As applied to the legislation in question, we conclude that anindividual of ordinary intelligence would not understand hisresponsibilities under the law. Almost all dogs will bark or emit audiblesounds at one time or another. Who is to say what constitutes an`unreasonably loud' sound? Everyone has different sensitivities.Reasonableness is a subjective term that offers virtually no guidance tothe dog owner who must comply with this legislation. A single bark,howl, or yelp may be considered unreasonable by some if it occurs at aninopportune time. The ordinance also requires that the bark not only beunreasonably loud or disturbing but that it be `of such a character,intensity and duration so as to disturb the peace and quiet of theneighborhood or to be detrimental to the life and health of anyindividual.' This second clause is an attempt to narrow down the type ofnoise that would be considered a violation of the ordinance. Once again,however, the legislative body has used a subjective term, `disturb,' asthe key word in the clause. How is a resident of Howland Townshipsupposed to know whether his dog's barks are of such an intensity andduration so as to disturb the peace and quiet of the neighborhood? We donot know the answer to that question nor would any other person ofaverage intelligence.
 * * "It is simply too vague to withstand a constitutional challenge.Further guidance needs to be included in such a statute. For example,length of time that a dog is barking could be included, as well ascertain prohibited hours during a given day. Additionally, perhaps acertain decibel restriction could lend further guidance. In short, anordinance needs to be crafted so as to provide a person of averageintelligence guidelines that could be followed." Id. at 586-8,748 N.E.2d at 585-586.
 The Poland Township resolution in question in this case is virtuallyidentical to the resolution in Ferraiolo. It states:
 "No owner, keeper or harborer shall keep or harbor any dog which howlsor barks, or emits audible sounds which are unreasonably loud ordisturbing and which are of such a character, intensity and duration soas to disturb the peace and quiet of the neighborhood or to bedetrimental to the life and health of any individual." Poland TownshipResolution 95.32.1.
 We disagree with the Eleventh District's conclusion.
 A statute need not be drafted with scientific precision in order to beconstitutional. Anderson at 174, 566 N.E.2d at 1229. Indeed, there areinherent limitations in the precision with which concepts can be conveyedby the English language. Id. citing Ferguson v. Estelle (C.A.5, 1983),718 F.2d 730, 734. As the court in Whitehall stated, this statute givesan objective standard by which to judge the offending conduct, i.e."sounds which are unreasonably loud or disturbing", and specific factorsto be used in judging the offending conduct, i.e. the "character,intensity and duration" of the conduct.
 Courts could always ask legislative bodies to be more precise whendrafting statutes. As the court in Ferraiolo points out, the terms"reasonable" and "disturb" are somewhat subjective. However, so are theterms "purposely", "knowingly", "recklessly", "negligently", and"reasonable doubt", terms which have long been a part of our criminalcode. To test whether a statute is unconstitutionally void forvagueness, this Court does not ask whether the legislature could havedrafted the statute in question more precisely. See State v. Williams(2000), 88 Ohio St.3d 513, 532, 728 N.E.2d 342, 361 ("A statute will notbe declared void, however, merely because it could have been worded moreprecisely.") Rather, we ask if the language the legislature chose enablesa person of ordinary intelligence to understand what the law requires himto do or that the acts he committed were prohibited. Anderson, supra.
This resolution provides sufficient notice of its proscriptions and contains reasonably clear guidelines that a person of ordinary intelligence will be able to understand what the law requires of him or her. Accordingly, the resolution is not unconstitutionally vague and the decision of the trial court is affirmed.
Vukovich, P.J., concurs.
Waite, J., concurs.