CITY OF COLUMBUS, APPELLEE, *v.* BECHER, APPELLANT.[*]

(No. 6732—Decided July 25, 1961.)

*Mr. Russell Leach*, city attorney, *Mr. Robert W. Duncan* and *Mr. Bernard T. Chupka*, for appellee.

*Messrs. Schwenker, Teaford, Brothers & Bernard*, for appellant.

McLAUGHLIN, P. J.   Dr. Ralph J. Becher, veterinarian, proprietor of an animal hospital in Columbus, appeals his conviction in Municipal Court for the violation of this city ordinance:

"Section 2315.07. *Noisy animals or fowl.* No person shall keep or harbor any animal or fowl except homing pigeons bearing official bands, which howls or barks or emits audible sounds to the annoyance of the inhabitants of this city."

The penalty Section 2303.99 provides in pertinent part as follows:

"Any such violation shall constitute a separate offense on each successive day continued."

Several neighborhood witnesses testified that they were annoyed by the barking of dogs at the doctor's animal hospital.

[*]Judgment affirmed, 173 Ohio St., 197.

Others either testified or proffered testimony that the barking did not annoy them.

Since the evidence was conflicting, and there has been a finding of guilty, the first three assignments of error which go: (1) to the admission or rejection of evidence; (2) defendant's motion for a directed verdict; and (3) the weight of the evidence; are overruled.

The fourth and fifth assignments of error: (1) that the judgment of the trial court was contrary to law; and (2) the ordinance under which the defendant was convicted deprived defendant of constitutional rights guaranteed under the Ohio and federal Constitutions and, therefore, is unconstitutional in its application as it affects the rights of the defendant; squarely raise the controlling question whether the ordinance is constitutional.

"Section 3, Article XVIII of the Ohio Constitution grants authority to municipalities to adopt and enforce within their limits such local police regulations as are not in conflict with general laws. A municipal ordinance passed under such authority, to be valid, must not be arbitrary, discriminatory, capricious or unreasonable, and must bear a real and substantial relation to the health, safety, morals, or general welfare of the public." *City of Cincinnati* v. *Correll*, 141 Ohio St., 535.

There can be no question as to the validity of the use of a municipality's police power to regulate the keeping of animals within the city. Such ordinances bear a real relationship to the general welfare of the public. See 7 McQuillin on Municipal Corporation, Section 24.282.

However, this ordinance, by the use of the words, "to the annoyance of the inhabitants of this city," contains no ascertainable standard of guilt. The application of this penal ordinance depends upon the probably varying impression of juries or factfinder trial courts as to what degree or amount of "annoyance" is necessary to establish guilt. It leaves to the court or jury, in a legislative capacity, the fixing of the degree or amount of "annoyance" before the guilt of the accused is established. Annoyance is a relative term. It is not a word of fixed meaning in itself, nor is it made definite by any statutory or judicial definition. It is not modified by any words such as, "unreasonable," "continuous," or "substantial,"

This ordinance could permit the arrest of any dog owner or keeper, because all dogs bark more or less and one barking of one dog could annoy some of the inhabitants of the city. It could permit the arrest of the owner or keeper of a cat that "mews"; a parrot or parakeet that talks; or love birds that "coo"; a canary that "sings." In the words of Shakespeare in Hamlet:

"Let Hercules himself do what he may,
The cat will mew and dog will have his day."

Use of the word, "annoyance," makes this ordinance so vague, indefinite and uncertain that it is unconstitutional. This penal law offers no standard of guilt. It is impossible for persons of ordinary intelligence to know in advance what it is their duty to avoid.

The lack of certainty of the challenged ordinance is not limited to the word "annoyance." We assume that the clause, "or emits audible sounds," means something—but what?

In the case of *Roberts* v. *State,* 46 Ohio App., 364, at page 370, Judge Sherick states:

"* * * The law is that criminal statutes which create and provide for the punishment of criminal offenses must be so clear and explicit that all persons of ordinary intelligence who are subject to their penalties will understand their provisions. * * *"

And at page 371, Judge Sherick says:

"* * * The true test is: Is it understandable to a person of ordinary intelligence who is subject to its penalties?"

In *Lanzetta* v. *New Jersey,* 306 U. S., 451, 83 L. Ed., 888, 59 S. Ct., 618, it is said in the third paragraph of the L. Ed. headnotes:

"3. To be consistent with the constitutional requirement of due process, the terms of a penal statute creating a new offense should not forbid or require the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, but must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties."

The author of the annotation to such case makes this statement (83 L. Ed., 893):

"* * * Suffice it to say that a criminal statute which defines the offense in such uncertain terms that persons of ordinary intelligence cannot in advance tell whether a certain action or

course of conduct would be within its prohibition is subject to the attack of unconstitutionality * * *."

In the case of *Tozer* v. *United States*, 53 F., 917, Judge Brewer said, at page 919:

"But, in order to constitute a crime, the act must be one which the party is able to know in advance whether it is criminal or not. The criminality of an act cannot depend upon whether a jury may think it reasonable or unreasonable. * * *"

Furthermore, this ordinance is unconstitutional in its application and as it affects the rights of the defendant. The ordinance, if enforced, would take from this defendant his property, in the penalties enacted (each day being a separate offense), without due process of law in violation of the principles of right. Execution of this criminal ordinance, with a fine levied for each day's violation, would work an unconstitutional confiscation of property from which defendant is helpless to protect himself.

It must be borne in mind that the defendant is operating a business. An animal or, in a big city, a "pet" hospital has become recognized as usual, important, and even necessary to modern living. Such business is not a nuisance per se. The record shows that this particular animal hospital has been operated by this defendant for a period of about sixteen years in a location zoned for commercial or industrial use.

Enforcement of this ordinance would drive this defendant out of business. As it affects his rights to operate his business and practice his profession, it is arbitrary and unreasonable. It is not a mere regulation but a prohibition.

"The police power of a municipality is subject to the constitutional limitation that it may not be exercised arbitrarily or unreasonably." Doyle, J., in *W. W. Enterprises* v. *Brenneman, Dir.*, 112 Ohio App., 242, 247.

For the reasons stated this ordinance is, in our opinion, unconstitutional and void, and the judgment of the trial court must be reversed and the defendant ordered discharged.

*Judgment reversed.*

RUTHERFORD and HILDEBRANT, JJ., concur.

McLAUGHLIN, P. J., and RUTHERFORD, J., of the Fifth Appellate District, and HILDEBRANT, J., of the First Appellate District, sitting by designation in the Tenth Appellate District.