THE STATE OF OHIO, APPELLEE, *v.* FOX, APPELLANT.

(No. 71-623—Decided July 12, 1972.)

*Mr. George C. Smith,* prosecuting attorney, *Mr. James J. O'Grady* and *Mr. David H. Bodiker,* for appellee.

*Messrs. Tyack, Scott & Colley* and *Mr. Robert W. Suhr,* for appellant.

BROWN, J. The defendant raises two propositions of law for consideration by this court:

1. Intention or purpose to kill may be present in the crime of manslaughter, when the killing is without malice upon a sudden quarrel, and a charge by the court to the jury that the crime of manslaughter in the first degree is distinguished from murder in the second degree by the absence of the elements purposely and maliciously is incorrect and constitutes prejudicial error, in spite of counsel's failure to object to the charge.

2. It is prejudicial error for a court, in its charge to the jury as to manslaughter, in a case involving an indictment for murder in the second degree, to neglect to divide said subject into its two natural divisions, voluntary and involuntary manslaughter, and to fail to give a correct statement of the necessary elements which must be shown beyond a reasonable doubt to make a case when so required by the evidence, even in the absence of counsel's request for such an instruction.

The defendant asserts that the trial court erroneously charged the jury, on two different occasions, on what constitutes the lesser included offense of manslaughter in the first degree, and on the difference between manslaughter and murder in the second degree, the offense charged in the indictment, citing *Erwin* v. *State* (1876), 29 Ohio St. 186.

In that case the trial court charged on murder in the second degree and manslaughter. The court properly defined these crimes to the jury and charged ''That if any person shall purposely and maliciously, but without deliberation and premeditation, kill another, every such person shall be deemed guilty of murder in the second degree.'' The court also charged ''That if any person shall unlawfully kill another without malice, either upon a sudden quarrel or unintentionally, while the slayer is in the commission of some unlawful act, every such person shall be deemed guilty of manslaughter.''

However, *after timely objection by counsel*, upon appeal this court held as being prejudicially erroneous a subsequent part of that instruction utilizing essentially the

same distinction employed by the trial court in the present case:

" * * * The difference between manslaughter and murder in the second degree 'is the absence of malice and purpose to kill.' "

As stated by Judge McIlvaine, at page 191, "* * * It was plainly inferable, from the first instruction above stated, that the defendant's crime was not manslaughter, if the killing were intentional. Such is not the law of manslaughter."

Appellant's second proposition of law, relative to the trial court's failure to charge on both kinds of manslaughter, that of voluntary and involuntary, is based on the language of *State* v. *Carter* (1944), 75 Ohio App. 545, the conflict case upon which certification was based. In that case the Court of Appeals held that it was error for the trial court, "when so required by the evidence," to refuse to so divide manslaughter into its two "natural" divisions and to define the elements of each.

The failure of the court below to so charge, if erroneous at all, is clearly an error of omission and not commission, and for this reason we find no conflict between the case at bar and *Carter*.

R. C. 2321.03, governing the need for taking and recording exceptions to jury instructions, is made applicable in criminal cases by R. C. 2945.832.

Under the provisions of R. C. 2321.03, "erroneous statements *contained in the charge,* not induced by the complaining party" can be reviewed without exception or objection being taken. (Emphasis supplied.) See, also, paragraph three of the syllabus in *Simko* v. *Miller* (1938), 133 Ohio St. 345, and *Rosenberry* v. *Chumney* (1960), 171 Ohio St. 48. However, where claimed errors in the charge of the court are errors of omission and not errors of commission, unless counsel had requested the court to supply the omissions such errors will not ordinarily justify a reversal. *Rhoades* v. *Cleveland* (1952), 157 Ohio St. 107; *State* v. *Tudor* (1950), 154 Ohio St. 249.

Appellee contends that in any event, both of appellant's allegations of error are moot, because the evidence does not *a fortiori* justify an instruction on the lesser included offense of manslaughter.

An examination of the record in this case reveals that the only error of commission in the charge as given was in giving an instruction relative to the lesser included offense of manslaughter in the first instance, and this error could only be prejudicial to the state and not the defendant. In *State* v. *Nolton* (1969), 19 Ohio St. 2d 133, this court held that if the evidence adduced on behalf of the defense is such that if accepted by the trier of the facts it would constitute a complete defense to all substantial elements of the crime charged, the trier will not be permitted to consider a lesser included offense.

In this case, the evidence presented by the state showed only that the deceased was sitting in the bar drinking beer with three women, when the defendant came up behind him, asked if the deceased were looking for him, and then shot him as he turned around.

The evidence presented by the defense was that the deceased had a bad reputation, was drunk, and was going to force the defendant to keep drinking with him. When the defendant refused, the deceased became hostile, threatened him, called him names, and came after him with a knife. The defendant backed up to the door, and then shot only in self-defense when the deceased kept coming.

If the prosecution's evidence is believed and the defense evidence disbelieved, there is only an unprovoked attack, which is clearly purposeful and malicious. If the defense is believed and the prosecution disbelieved, then there is clearly self-defense and no crime at all. Thus, the trier of the facts could not *reasonably* find against the state and for the accused upon any one or more of the elements of the crime charged and against the accused on the remaining elements. Therefore, a charge on the lesser included offense is not warranted, and an instruction on the lesser included offense in such an instance permits the jury to un-

necessarily speculate on a compromised verdict. See *State v. Loudermill* (1965), 2 Ohio St. 2d 79, 81; *Bandy* v. *State* (1921), 102 Ohio St. 384.

As stated in the alternative by the court in *State* v. *Nolton* at page 135:

"On the contrary, if the trier could *reasonably* find against the state and for the accused upon one or more of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon the lesser included offense, then a charge on the lesser included offense is both warranted and required, not only for the benefit of the state, but for the benefit of the accused."

For the foregoing reasons, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, CORRIGAN, STERN and LEACH, JJ., concur.