**CITY OF LEBANON, Appellee,**

v.

**WERGOWSKE, Appellant.**

[Cite as *Lebanon v. Wergowske* (1991), 70 Ohio App.3d 251.]

Court of Appeals of Ohio,
Warren County.

No. CA90–04–027.

Decided Jan. 14, 1991.

*James A. Whitaker,* for appellee.

*James E. Sheets,* for appellant.

*Per Curiam.*

Defendant-appellant, Gilbert Wergowske, appeals his conviction in Lebanon Municipal Court for violating a "barking dog" ordinance.

On January 26, 1990, appellant was charged in a private complaint with violating Section 505.02 of the Ordinances of the city of Lebanon. It provides that "[n]o person shall harbor or keep a dog which by loud and frequent or habitual barking, howling or yelping shall cause annoyance or disturbance to the neighborhood."

A jury trial was held on March 31, 1990. The evidence revealed that appellant owns two cocker spaniels. The complaining witness was Jack Bayes, who lives across the street from appellant. Bayes testified that from June 1989 through February 1990, he called the Lebanon Police Department nineteen times regarding the frequent barking of the two dogs. Several of appellant's neighbors and visitors to the Bayeses' residence testified that the

dogs barked loudly both day and night. Following the presentation of evidence, appellant was found guilty of violating the ordinance. This appeal followed.

Appellant presents two assignments of error for review. In his first assignment of error, he states that the trial court erred in overruling his motion to dismiss based on the grounds the ordinance is unconstitutional. He argues that the ordinance is void for vagueness. We find this assignment of error is not well taken.

We first note that all legislative enactments, whether of a municipality or state, enjoy a strong presumption of validity. *Benevolent Assn. v. Parma* (1980), 61 Ohio St.2d 375, 377, 15 O.O.3d 450, 451, 402 N.E.2d 519, 521. The party challenging a legislative enactment bears the burden of demonstrating that it is unconstitutional. *Hudson v. Albrecht, Inc.* (1984), 9 Ohio St.3d 69, 71, 9 OBR 273, 274, 458 N.E.2d 852, 854, appeal dismissed (1984), 467 U.S. 1237, 104 S.Ct. 3503, 82 L.Ed.2d 814. Moreover, a court will liberally construe legislation to uphold its constitutionality. *State v. Robinson* (1989), 44 Ohio App.3d 128, 129–130, 541 N.E.2d 1092, 1093–1094; *State v. Wear* (1984), 15 Ohio App.3d 77, 78, 15 OBR 106, 107, 472 N.E.2d 778, 780.

Appellant claims the ordinance is vague because it fails to clearly define the prohibited conduct. The void-for-vagueness doctrine requires that statutes or ordinances define criminal offenses "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson* (1983), 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909. Thus, the ordinance "must give sufficient warning so that individuals may conduct themselves so as to avoid that which is prohibited by the law." *Wear, supra,* 15 Ohio App.3d at 78, 15 OBR at 108, 472 N.E.2d at 781.

Appellant relies on *Columbus v. Becher* (1961), 115 Ohio App. 239, 20 O.O.2d 315, 184 N.E.2d 617, affirmed (1962), 173 Ohio St. 197, 19 O.O.2d 8, 180 N.E.2d 836, in which the Franklin County Court of Appeals found a municipal ordinance to be unconstitutional because it was "vague, indefinite and uncertain" and because it contained "no ascertainable standard of guilt." *Id.* 115 Ohio App. at 240–241, 20 O.O.2d at 316, 184 N.E.2d at 618. The ordinance provided that "[n]o person shall keep or harbor any animal or fowl * * * which howls or barks or emits audible sounds to the annoyance of the inhabitants of the city." In so holding, the court specifically noted that the word "annoyance" is not susceptible to any fixed definition and that it was not qualified by any words such as "unreasonable," "continuous" or "substantial." The court stated, "[t]his ordinance could permit the arrest of any dog owner or keeper, because all dogs bark more or less and one barking of one

dog could annoy some of the inhabitants of the city." *Id.* at 241, 20 O.O.2d at 316, 184 N.E.2d at 618.

We find the present case to be distinguishable. The Lebanon ordinance contains the qualifying words "loud," "frequent" and "habitual," which clarify the ordinance and set forth an ascertainable standard of guilt. Instead, we find *Wadsworth v. Brunk* (May 26, 1982), Medina App. Nos. 1106, 1107 and 1136, unreported, 1982 WL 5011, to be directly on point. In that case, the Medina County Court of Appeals found that an ordinance which provided that "[n]o owner, keeper or harborer of a dog shall permit or allow such dog to annoy or disturb any person by frequent or habitual howling, yelping, barking or making of other noises * * *" was not void for vagueness. The court concluded that this ordinance did not "lack the requisite constitutional degree of clarity and definiteness such as to be void for vagueness." *Id.* at 2. Likewise, in the present case, the ordinance is sufficiently definite so that an ordinary person can determine what conduct is prohibited. Appellant has not met his burden of demonstrating that the ordinance is unconstitutional. Accordingly, his first assignment of error is overruled.

■ In his second assignment of error, appellant states that the trial court erred by overruling his objection to the court's answer to a question propounded by the jury regarding the definition of "neighborhood." He argues that the trial court's definition of "neighborhood" was vague and uncertain and that it permitted the jury to find him guilty if a single neighbor was annoyed. We find this assignment of error is not well taken.

The record reveals that during the jury's deliberation, the trial judge received a written question from the jury asking him to clarify the word "neighborhood" and asking "if Mr. Bayes alone was disturbed does that mean the 'neighborhood' was disturbed?" The trial judge instructed the jury as follows:

"It's kind of difficult to answer your question. I'll do the best I can and it will start like this. The law does not particularly define the word neighborhood. That word has its ordinary meaning as is used in common, ordinary speech.

"Now to me that means that the neighborhood consists of a number of homes in the vicinity with one another and so that the homes in the vicinity of Mr. Wergowske's residence would be considered the neighborhood that comprise, that make up this area. It's for you to determine from the facts that you've heard in evidence and seen in evidence exactly what the confines of the neighborhood are in this case.

"Now I will go one step further. I don't know that I can exactly answer your question and I can tell you this however, that there is no requirement in the law that all of the residences in a neighborhood be annoyed or disturbed in order for a defendant to be found guilty of a violation of this particular ordinance. It is for your best judgment and in your best discretion to determine whether or not, under the evidence you've heard, there were a sufficient number of residence [*sic*] annoyed in this case to constitute a violation of the ordinance."

If the trial court committed any error by giving this instruction, we fail to see how appellant was prejudiced. The complaining witness lived across the street from appellant and several other witnesses who testified for the city lived on the same street. These witnesses live in the "neighborhood" by any commonsense definition. Contrary to appellant's assertion, the trial judge did not instruct the jury that appellant could be found guilty of the offense if only one neighbor was annoyed; rather he told them that not all residents of the neighborhood had to be annoyed. Accordingly, we conclude that any error was harmless beyond a reasonable doubt. See Crim.R. 52.

■ Additionally, appellant objected to the charge on the grounds that it was too vague. However, when the trial court gives an incomplete instruction in answer to an inquiry from the jury, the error is one of omission not commission. In that case, counsel has a duty to request the trial court to charge further to eliminate any possible confusion. Unless counsel has requested the court to supply the omission, the error will not justify reversal. *State v. Meyer* (1955), 163 Ohio St. 279, 56 O.O. 256, 126 N.E.2d 585, paragraph two of the syllabus, following *State v. Tudor* (1950), 154 Ohio St. 249, 43 O.O. 130, 95 N.E.2d 385; *State v. Fox* (1972), 31 Ohio St.2d 58, 62, 60 O.O.2d 39, 41, 285 N.E.2d 358, 361. Accordingly, appellant's second assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and WILLIAM W. YOUNG, JJ., concur.