STATE of Ohio, Appellee,

v.

FERRAIOLO, Appellant.

[Cite as *State v. Ferraiolo* (2000), 140 Ohio App.3d 585.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 99–T–0169.

Decided Nov. 20, 2000.

*David H. McLain,* Warren City Prosecutor, for appellee.

*Robert J. Rohrbaugh II* and *Lou A. D'Apolito,* for appellant.

WILLIAM M. O'NEILL, Judge.

This is an accelerated calendar case submitted to this court on the record and the brief of appellant, Rosario Ferraiolo. Appellant appeals his conviction from the Warren Municipal Court on one count of violating Howland Township Resolution 95–148 ("the ordinance"), which prohibits the keeping of barking and noisy animals. It states:

"No person shall keep or harbor any dog which howls or barks or emits audible sounds which are unreasonably loud or disturbing and which are of such a character, intensity and duration so as to disturb the peace and quiet of the neighborhood or to be detrimental to the life and health of any individual."

The incident in question occurred on May 23, 1999. According to Gloria Oppenheimer, a neighbor of appellant, appellant owns three dogs that bark constantly. On the day in question, Oppenheimer made an audio recording of the barking that she could hear from her bedroom window. Then, on May 25, 1999, Oppenheimer swore out a complaint with the Warren City Prosecutor's Office in which she claimed that appellant had violated the aforementioned portion of the ordinance.

The case proceeded to a bench trial on November 2, 1999. Prior to trial, appellant filed a motion to dismiss the case based upon the unconstitutionality of the ordinance. Argument was heard on the matter just prior to trial, but the trial court overruled the motion. Appellant was found guilty at trial and fined $100 plus court costs.

Appellant timely filed a notice of appeal and has now set forth two assignments of error. In the first assignment of error, appellant contends that the trial court erred in overruling his motion to dismiss after determining that the ordinance was constitutional. In the second assignment of error, appellant asserts that his conviction was against the manifest weight of the evidence.

Regarding the constitutionality of the ordinance, appellant argues that the resolution is impermissibly vague. It is well established that there is a strong presumption that all legislative enactments are constitutional. *State v. Collier* (1991), 62 Ohio St.3d 267, 269, 581 N.E.2d 552, 553–554. The party challenging the statute, based upon its being unconstitutionally vague, "must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law." *State v. Anderson* (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224, 1226; see, also, *In re Columbus Skyline Securities, Inc.* (1996), 74 Ohio St.3d 495, 498, 660 N.E.2d 427, 429.

As applied to the legislation in question, we conclude that an individual of ordinary intelligence would not understand his responsibilities under the law.

Almost all dogs will bark or emit audible sounds at one time or another. Who is to say what constitutes an "unreasonably loud" sound? Everyone has different sensitivities. Reasonableness is a subjective term that offers virtually no guidance to the dog owner who must comply with this legislation. A single bark, howl, or yelp may be considered unreasonable by someone if it occurs at an inopportune time. The ordinance also requires that the bark not only be unreasonably loud or disturbing but that it be "of such a character, intensity and duration so as to disturb the peace and quiet of the neighborhood or to be detrimental to the life and health of any individual." This second clause is an attempt to narrow down the type of noise that would be considered a violation of the ordinance. Once again, however, the legislative body has used a subjective term, "disturb," as the key word in the clause. How is a resident of Howland Township supposed to know whether his dog's barks are of such an intensity and duration so as to disturb the peace and quiet of the neighborhood? We do not know the answer to that question nor would any other person of average intelligence.

The ordinance at issue is similar to one struck down in *Columbus v. Becher* (1961), 115 Ohio App. 239, 20 O.O.2d 315, 184 N.E.2d 617. There, the ordinance stated, "No person shall keep or harbor any animal * * * which howls or barks or emits audible sounds to the annoyance of the inhabitants of this city." The Tenth District Court of Appeals held that the ordinance was unconstitutionally vague. The court stated:

"This ordinance could permit the arrest of any dog owner or keeper, because all dogs bark more or less and one barking of one dog could annoy some of the inhabitants of the city. It could permit the arrest of the owner or keeper of a cat that 'mews'; a parrot or parakeet that talks; or love birds that 'coo'; a canary that 'sings.' In the words of Shakespeare in Hamlet:

" 'Let Hercules himself do what he may, The cat will mew and dog will have his day.'

"Use of the word, 'annoyance,' makes this ordinance so vague, indefinite and uncertain that it is unconstitutional. This penal law offers no standard of guilt. It is impossible for persons of ordinary intelligence to know in advance what it is their duty to avoid.

"The lack of certainty of the challenged ordinance is not limited to the word 'annoyance.' We assume that the clause, 'or emits audible sounds,' means something—but what?" *Id.* at 241, 20 O.O.2d at 316, 184 N.E.2d at 618–619.

The same analysis is applicable to the ordinance in the instant action. It is simply too vague to withstand a constitutional challenge. Further guidance needs to be included in such an ordinance. For example, length of time that a

dog is barking could be included, as well as certain prohibited hours during a given day. Additionally, perhaps a certain decibel restriction could lend further guidance. In short, an ordinance needs to be crafted so as to provide a person of average intelligence guidelines that could be followed. We acknowledge that this is not a simple task.

We recognize, however, that a similarly vague barking-dog ordinance was upheld by the Twelfth District Court of Appeals in *Lebanon v. Wergowske* (1991), 70 Ohio App.3d 251, 590 N.E.2d 902. The ordinance at issue provided that "[no] person shall harbor or keep a dog which by loud and frequent or habitual barking, howling or yelping shall cause annoyance or disturbance to the neighborhood." The court upheld the ordinance against a constitutional attack by summarily concluding that "the ordinance is sufficiently definite so that an ordinary person can determine what conduct is prohibited." *Id.* at 254, 590 N.E.2d at 904. See, also, *S. Euclid v. Haffey* (July 29, 1993), Cuyahoga App. No. 63283, unreported, 1993 WL 290148, wherein an equally vague dog-barking ordinance was upheld based on the *Wergowske* decision. We are not, however, bound to follow those decisions.

Based upon the foregoing analysis, the trial court erred in overruling appellant's motion to dismiss. Howland Township Resolution 95–148, which prohibits the keeping of barking or noisy dogs, is unconstitutional. Appellant's first assignment of error is sustained. Thus, appellant's second assignment of error is moot and need not be addressed pursuant to App.R. 12(A)(1)(c).

The decision of the trial court is hereby reversed, and judgment is entered in favor of appellant.

*Judgment reversed.*

FORD, P.J., and NADER, J., concur.