CITY OF COLUMBUS, APPELLEE, v. KIM, APPELLANT.

[Cite as *Columbus v. Kim,* 118 Ohio St.3d 93, 2008-Ohio-1817.]

(No. 2007–0391—Submitted December 11, 2007—Decided April 23, 2008.)

PFEIFER, J.

{¶ 1} Defendant-appellant Rebecca Kim was convicted of harboring an unreasonably loud or disturbing animal in violation of Columbus City Code 2327.14. Kim argues that Columbus City Code 2327.14 is unconstitutionally vague. We disagree and affirm the decision of the court of appeals.

{¶ 2} Kim's neighbor, Joseph Berardi, testified that on May 13, 2004, Kim's dog barked constantly from approximately 4:30 p.m. until approximately 6:00 p.m. Berardi stated that the dog barked so loudly that it could be heard over the sound of his lawn mower and from inside his house with the windows closed and the air conditioning running. Dr. George H. Urham Jr., a veterinarian, testified that on May 13, 2004, he made a house call at the Berardi residence to vaccinate Berardi's dogs and that from just before 5:00 p.m., when he arrived, until just before 6:00 p.m., when he departed, the dog in Kim's yard had barked incessantly.

{¶ 3} Kim was charged with violating Columbus City Code 2327.14 by harboring an unreasonably loud or disturbing animal. The trial court concluded that the duration and intensity of the dog's barking were sufficient to establish a

violation of Columbus City Code 2327.14 and convicted Kim and imposed a fine of $100 plus costs.

{¶ 4} Kim appealed, alleging that the ordinance is unconstitutionally vague. The court of appeals affirmed the decision of the trial court, concluding that Columbus City Code 2327.14 contained sufficient standards to place a person of ordinary intelligence on notice of what conduct the ordinance prohibited.

{¶ 5} The court of appeals found its judgment in this case to be in conflict with the judgment of the Eleventh District Court of Appeals in *State v. Ferraiolo* (2000), 140 Ohio App.3d 585, 748 N.E.2d 584, and certified the record to this court for review and final determination. We determined that a conflict exists on the following issue: "Whether an ordinance that prohibits a person from keeping or harboring an animal which 'howls, barks, or emits audible sounds that are unreasonably loud or disturbing which are of such character, intensity, and duration as to disturb the peace and quiet of the neighborhood or to be detrimental to the life and health of any individual' is unconstitutionally vague on its face and as applied." *Columbus v. Kim,* 113 Ohio St.3d 1464, 2007-Ohio-1722, 864 N.E.2d 651.

{¶ 6} Columbus City Code 2327.14(A) states that "[n]o person shall keep or harbor any animal which howls, barks, or emits audible sounds that are unreasonably loud or disturbing and which are of such character, intensity and duration as to disturb the peace and quiet of the neighborhood or to be detrimental to life. and health of any individual."

{¶ 7} Kim asserts that Columbus City Code 2327.14 is unconstitutionally vague on its face and as applied. In *State v. Anderson* (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224, quoting *Coates v. Cincinnati* (1971), 402 U.S. 611, 614, 91 S.Ct. 1686, 29 L.Ed.2d 214, we stated that "[i]n order to prove such an assertion, the challenging party must show that the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.'" In other words, the challenger "must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do" and "must prove, beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." *Anderson,* 57 Ohio St.3d at 171, 566 N.E.2d 1224.

{¶ 8} Kim asks us to adopt the reasoning of *Ferraiolo,* 140 Ohio App.3d 585, 748 N.E.2d 584, in which the owner's conviction for violating an ordinance virtually identical to Columbus City Code 2327.14 was reversed by the court of appeals because it concluded that the ordinance was impermissibly vague. The court of appeals stated that "all dogs will bark or emit audible sounds at one time or another" and that the reasonableness of the noise is a subjective matter that

could vary from person to person given their different sensitivities. Id. at 587, 748 N.E.2d 584. The court of appeals questioned how anyone can be expected to know whether his dog's barks are of such an intensity and duration as to disturb the peace and quiet of the neighborhood and concluded that the ordinance offered no standard that could be used to determine what constituted a violation. Id.

{¶ 9} But *Ferraiolo* is not before us, and it does not control our decision. We conclude that Columbus City Code 2327.14 is not unconstitutionally vague, because it sets forth sufficient standards to place a person of ordinary intelligence on notice of what conduct the ordinance prohibits. The ordinance incorporates an objective standard by prohibiting only those noises that are "unreasonably loud or disturbing." The ordinance provides specific factors to be considered to gauge the level of the disturbance, namely, the "character, intensity and duration" of the disturbance. Further, we recognize that "there are limitations in the English language with respect to being both specific and manageably brief, and it seems to us that although the prohibitions may not satisfy those intent on finding fault at any cost, they are set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with." *United States Civ. Serv. Comm. v. Natl. Assn. of Letter Carriers, AFL–CIO* (1973), 413 U.S. 548, 578–579, 93 S.Ct. 2880, 37 L.Ed.2d 796. We conclude that Kim has not proven that Columbus City Code 2327.14 provides "no standard of conduct * * * at all." *Anderson*, 57 Ohio St.3d at 171, 566 N.E.2d 1224. Accordingly, we hold that Columbus City Code 2327.14 is not unconstitutionally vague on its face.

{¶ 10} Nothing in the record suggests that the constant barking of Kim's dog for over one hour was not "unreasonably loud or disturbing" or not "of such a character, intensity and duration as to disturb the peace and quiet of the neighborhood." We are convinced that a person of ordinary intelligence would understand that Columbus City Code 2327.14 prohibits her from allowing her dog to bark nonstop for over an hour at a level that can be heard while using a lawnmower. Kim had not proven, "beyond a reasonable doubt, that the statute [is] so unclear that [she] could not reasonably understand that it prohibited the acts in which [she] engaged." *Anderson*, 57 Ohio St.3d at 171, 566 N.E.2d 1224.

{¶ 11} Accordingly, we conclude that Columbus City Code 2327.14 is not unconstitutionally vague as applied. We answer the certified question in the negative and affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

O'DONNELL, J., concurs separately.

O'DONNELL, J., concurring.

{¶ 12} Pursuant to our constitutional authority, this court accepted the certified conflict between appellate jurisdictions on the following question: "Whether an ordinance that prohibits a person from keeping or harboring an animal which 'howls, barks, or emits audible sounds that are unreasonably loud or disturbing which are of such character, intensity, and duration as to disturb the peace and quiet of the neighborhood or to be detrimental to the life and health of any individual' is unconstitutionally vague on its face and as applied."

{¶ 13} The Tenth District Court of Appeals rejected the argument endorsed by Kim that Columbus City Code 2327.14(A) is unconstitutionally vague. It held that the ordinance withstood constitutional scrutiny because it gives "a person of ordinary intelligence fair notice that contemplated conduct is forbidden by the ordinance." *Columbus v. Kim*, Franklin App. No. 05AP–1334, 2006-Ohio-6985, 2006 WL 3825260, ¶ 10. Relying on precedent, it upheld the ordinance after determining that it contains "identifiable standards defining the geographical application of the ordinance (the neighborhood where the noise occurs), an objective standard of prohibited conduct (unreasonably loud or disturbing noises), and * * * factors to measure the level of disturbance." Id. at ¶ 12.

{¶ 14} The Tenth District, on motion by Kim, certified its decision as being in conflict with the Eleventh District Court of Appeals' decision in *State v. Ferraiolo* (2000), 140 Ohio App.3d 585, 748 N.E.2d 584. In *Ferraiolo*, the court struck down a nearly identical Howland Township resolution after holding that it was unconstitutionally vague.

{¶ 15} We accepted the certified conflict to resolve these diverging opinions. 113 Ohio St.3d 1464, 2007-Ohio-1722, 864 N.E.2d 651.

{¶ 16} The issue in this case is whether Columbus City Code 2327.14(A) sufficiently defines the prohibited conduct so as to withstand a vagueness challenge. Kim argues that the term "unreasonable" "does not provide enough explanation to allow the average person to know what behavior is permissible." She also contends that the ordinance contains an improper subjective standard, which also renders it vague. The city of Columbus maintains that the ordinance incorporates an objective standard and is therefore not arbitrary or vague.

{¶ 17} Columbus City Code 2327.14(A) provides, "No person shall keep or harbor any animal which howls, barks, or emits audible sounds that are unreasonably loud or disturbing and which are of such character, intensity and duration as to disturb the peace and quiet of the neighborhood or to be detrimental to life and health of any individual."

{¶ 18} First, this enactment, like all others, enjoys a presumption of constitutionality. *N. Ohio Patrolmen's Benevolent Assn. v. Parma* (1980), 61 Ohio St.2d

375, 377, 15 O.O.3d 450, 402 N.E.2d 519. Moreover, this court must apply all rules of statutory construction in favor of constitutionality if possible. *State v. Sinito* (1975), 43 Ohio St.2d 98, 101, 72 O.O.2d 54, 330 N.E.2d 896.

{¶ 19} The court faced a similar question in *State v. Dorso* (1983), 4 Ohio St.3d 60, 4 OBR 150, 446 N.E.2d 449, a case involving a Cincinnati noise ordinance. Cincinnati Municipal Code 910–9 prohibits any person from engaging "in the playing or rendition of music * * * in such manner as to disturb the peace and quiet of the neighborhood, having due regard for the proximity of places of residence, hospitals or other residential institutions and to any other conditions affected by such noises." The city charged Michael Dorso, manager of a local roller rink, with violating the ordinance. Dorso moved to dismiss the indictment, arguing that the ordinance was impermissibly vague, but the trial court denied his motion and convicted him. The appellate court reversed, holding the ordinance unconstitutional.

{¶ 20} On discretionary review, this court reversed the court of appeals' decision and held the ordinance constitutional. We construed the ordinance to prohibit those noises "which could be anticipated to offend *the reasonable person, i.e.,* the individual of common sensibilities." (Emphasis added.) Id. at 64, 4 OBR 150, 446 N.E.2d 449. The ordinance, therefore, did not regulate conduct that "disturbs only the hypersensitive." Id.

{¶ 21} The same reasoning applies in this instance with respect to Columbus City Code 2327.14(A). The allegedly vague terms "unreasonably loud or disturbing," "disturb the peace and quiet of the neighborhood," and "detrimental to life and health of any individual" are cured of any ambiguity if the court applies a "reasonable person" standard, as in *Dorso*. The phrases are imprecise, to be sure, but the Constitution "does not mandate a burdensome specificity," and noise regulation "by necessity involves the reasonable circumscription of the rights of individuals for the greater benefit of the commonwealth." Id. at 62 and 64, 4 OBR 150, 446 N.E.2d 449.

{¶ 22} The Eleventh District, faced with an identical ordinance, reached the opposite conclusion in *Ferraiolo*. Its reasoning began with a rhetorical question: "Who is to say what constitutes an 'unreasonably loud' sound?" *Ferraiolo,* 140 Ohio App.3d at 587, 748 N.E.2d 584. In its analysis, the court stated, "Everyone has different sensitivities. Reasonableness is a subjective term that offers virtually no guidance to the dog owner who must comply with this legislation." Id. The final sentence in this quote illustrates that decision's shortcomings.

{¶ 23} Despite the Eleventh District's assertion, reasonableness is an *objective* standard. Be it tort law or criminal law, the reasonable-person standard is considered an objective standard. 2 Restatement of the Law 2d, Torts (1965) 13, Section 283, Comment c; Baldwin's Ohio Practice Criminal Law (2007), Section

19.2. Thus, this ordinance should be read so as to prohibit barking and other animal noises that would offend the person of normal sensibilities.

{¶ 24} I concur in the affirmance of the Tenth District's decision. The court employed a correct standard in upholding the constitutionality of the ordinance. The Eleventh District's decision is simply wrong; reasonableness is an objective standard.

———————

Richard C. Pfeiffer Jr., Columbus City Attorney, Lara N. Baker, City Prosecutor, and Matthew A. Kanai, Deputy Legal Counsel, for appellee.

Mark J. Miller, for appellant.