[Cite as *State v. Nohra*, 2022-Ohio-3115.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-T-0062 |
| Plaintiff-Appellant, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| JOSEPH SIMON NOHRA, JR., | |
| Defendant-Appellee. | Trial Court No. 2021 CR 00368 |

**O P I N I O N**

Decided: September 6, 2022
Judgment: Reversed and remanded

*Dennis Watkins*, Trumbull County Prosecutor; *Charles L. Morrow* and *Ryan J. Sanders*, Assistant Prosecutors, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellant).

*David J. Betras* and *Brian P. Kopp*, Betras, Kopp & Markota, LLC, 6630 Seville Drive, Canfield, OH 44406 (For Defendant-Appellee).

*Dave Yost*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, OH 43215; *Benjamin M. Flowers*, Solicitor General; *Michael J. Hendershot*, Chief Deputy Solicitor General; and *Sylvia May Mailman*, Deputy Solicitor General, 30 East Broad Street, 17th Floor, Columbus, OH 43215 (For Amicus, Ohio Attorney General).

MARY JANE TRAPP, J.

{¶1} Appellant, the state of Ohio (the "state"), appeals from the judgment entry of the Trumbull County Court of Common Pleas, which granted appellee's, Joseph Simon Nohra, Jr. ("Mr. Nohra"), "Motion to Dismiss Indictment as Statute is Vague and Indefinite." Mr. Nohra, acting in his capacity as the superintendent of Liberty Local School

District, placed a covert surveillance audio and visual device in a carbon monoxide detector, which was positioned directly above an employee's desk in the Liberty Local School District bus garage office. It transmitted in real time, as well as uploaded and recorded, both audio and video of private communications of five employees.

{¶2} The trial court found, by clear and convincing evidence, that Mr. Nohra presented a presently existing set of facts that renders Ohio's wiretapping statute, R.C. 2933.51 et seq., as applied to the instant case, unconstitutionally void for vagueness. More specifically, the trial court found little guidance as to what constitutes an "oral communication" pursuant to R.C. 2933.51(B) and questioned whether the declarant's expectation of privacy can be waived, and if so, under what circumstances.

{¶3} The state raises one assignment of error, contending the trial court erred by dismissing counts 1-6 of the indictment. The Ohio Attorney General filed an amicus curiae brief in support of the state.

{¶4} After a careful review of the record and pertinent law, we decline to address the merits of the state's assignment of error as it pertains to the statute's vagueness as applied to the "facts" of the case. We do, however, sustain the assignment of error because the trial court was premature in its determination. Although the trial court cited to "uncontroverted facts" in its judgment entry, the state is correct in its assertion that the facts of the instant case are still in dispute. A review of the record reveals that no evidentiary hearings were conducted, no testimony was offered, no stipulations were submitted, and no exhibits were admitted. Thus, any determination by the trial court, let alone a reviewing court, of an attempt to challenge the constitutionality of R.C. 2933.51(B)

2

Case No. 2021-T-0062

as applied is premature, and we must reverse and remand for further examination of the facts upon which the indictment was based.

{¶5} The judgment of the Trumbull County Court of Common Pleas is reversed and remanded for further proceedings in accordance with this opinion.

### Substantive and Procedural History

{¶6} In May 2021, a Trumbull County Grand Jury indicted Mr. Nohra on 11 counts: counts 1-5, prohibition against interception of communications, fourth-degree felonies, in violation of R.C. 2933.52(A)(1) and (C); count 6, wiretapping, a fourth-degree felony, in violation of R.C. 2933.52(A)(3) and (C); and counts 7-11, interfering with civil rights, first-degree misdemeanors, in violation of R.C. 2921.45(A) and (B).

{¶7} The bill of particulars alleged that Mr. Nohra, in his position as superintendent of the Liberty Local School District, installed a covert audio/video surveillance camera in a carbon monoxide detector, which transmitted in real-time, as well as uploaded and recorded, both audio and video of private communications of five Liberty Local School District employees.

### First Motion to Dismiss

{¶8} Mr. Nohra filed a "Motion to Dismiss Indictment as Statute is Vague and Indefinite," arguing that Ohio's wiretapping statute, R.C. 2933.52, is unconstitutionally vague both facially and as applied.

{¶9} In relevant part, R.C. 2933.52(A)(1) states, "No person purposely shall * * * [i]ntercept * * * a wire, oral, or electronic communication[.]" R.C. 2933.51(B) defines "oral communication" as "an oral communication uttered by a person exhibiting an expectation

3

Case No. 2021-T-0062

that the communication is not subject to interception under circumstances justifying that expectation."

{¶10} Mr. Nohra contended the definition of "oral communication" was unclear as to when any expectation is justified and that enforcement will always be arbitrary and biased. Further, the statute's imprecise standard failed to place individuals on notice.

{¶11} The trial court denied the motion at a pretrial hearing.

**Second Motion to Dismiss**

{¶12} At a subsequent pretrial hearing, Mr. Nohra asked the court to reconsider its previous ruling denying his "Motion to Dismiss the Indictment for Vagueness." Both parties submitted proposed findings of fact and conclusions of law on the constitutionality of the statute for the court's review.

{¶13} In its judgment entry, the trial court found that it was "uncontroverted" that after Mr. Nohra received a report about potential employee misconduct, i.e., theft, he sought advice from the school board's legal counsel and permission to use a surveillance device. Based upon the board's recommendation and the advice of legal counsel, a covert audio and video recording device was placed in a carbon monoxide detector above the desk of a board employee pursuant to the Liberty Local School Board Administrative Guideline Manual. The covert surveillance device captured and uploaded audio and video recordings of conversations of at least five individuals during a two-week period of time.

{¶14} The trial court further noted that section 7440.01 of the school board's administrative guidelines specifically defines "covert surveillance" as "surveillance conducted by means of hidden devices, without notice to the individuals being monitored."

4

The section has a general prohibition of monitoring "in areas where there is a reasonable expectation of privacy by staff or students" unless first authorized by the superintendent "on the grounds that no other supervision option is feasible and that the need is pressing and outweighs the privacy interest of the students or other persons likely to be observed." A copy of the guidelines was attached to Mr. Nohra's motion to compel discovery and inspection pursuant to Crim.R. 16.

{¶15} The trial court found that there is a lack of guidance as to what constitutes an "oral communication" in this regard and that such lack of guidance leads to the arbitrary and discriminatory enforcement of the wiretapping statute. The trial court further found that the parties could not identify any Ohio authority clarifying this point or provide a case that was factually similar to the instant case and that the Ohio Jury Instructions ("OJI") failed to provide any insight.

{¶16} The court also found that R.C. 2933.51(B) does not address whether the declarant's expectation can be waived and, if so, under what circumstances. Thus, there is no guidance on whether the statute applies in a business or workplace setting such as the instant case, where workplace guidelines allow for surveillance and monitoring in a limited capacity.

{¶17} The court concluded, upon reconsideration of Mr. Nohra's motion to dismiss counts 1-6 of the indictment for vagueness, that Mr. Nohra, by clear and convincing evidence, presented a presently existing set of facts that makes the statute unconstitutional and void when applied to the facts of this case. The court granted the motion and dismissed the first six counts of the indictment.

{¶18} The state now appeals, raising one assignment of error:

5

**{¶19}** "The Trial Court erred by Dismissing Counts 1-6 of the Indictment."

## Standard of Review

**{¶20}** The determination of a statute's constitutionality is a question of law. *O'Brien v. Ohio Lottery Comm.*, 11th Dist. Lake Nos. 2004-L-017 & 2004-L-018, 2005-Ohio-1412, ¶ 14. Accordingly, such determinations are reviewed under a de novo standard of review. *Id.* Likewise, we review a trial court's decision on a motion to dismiss pursuant to a de novo standard of review. *State v. Fast*, 176 N.E.3d 361, 2021-Ohio-2548, ¶ 62 (11th Dist.).

## The Void-for-Vagueness Doctrine

**{¶21}** This court has held that "'there is a strong presumption that all legislative enactments are constitutional.'" *Kruppa v. Warren*, 11th Dist. Trumbull No. 2009-T-0017, 2009-Ohio-4927, ¶ 10, quoting *State v. Ferraiolo*, 140 Ohio App.3d 585, 586, 748 N.E.2d 584 (11th Dist.2000). Before a court may declare a legislative enactment unconstitutional, it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible. *Id.* "That presumption of validity of such legislative enactment cannot be overcome unless it appear[s] that there is a clear conflict between the legislation in question and some particular provision or provisions of the constitution." *Id.*, quoting *Xenia v. Schmidt*, 101 Ohio St. 437, 130 N.E. 24 (1920), paragraph two of the syllabus. Moreover, the party alleging that a legislative enactment is unconstitutional must prove this assertion beyond a reasonable doubt in order to prevail. *Id.* Accordingly, we begin our analysis with the strong presumption that R.C. 2933.51(B) is constitutional.

6

Case No. 2021-T-0062

**{¶22}** The void-for-vagueness doctrine is a component of due process and ensures that individuals can ascertain what the law requires of them. *Kruppa* at ¶ 11. In order to survive a void-for-vagueness challenge, the legislative enactment must be written so that a person of common intelligence is able to determine what is required under the law, and it must provide sufficient standards to prevent arbitrary and discriminatory enforcement. *Id.*; *Chicago v. Morales*, 527 U.S. 41, 56-57, 119 S.Ct. 1849, 144 L.Ed.2d 67 (1999). A statute will not be declared void, however, merely because it could have been worded more precisely. *Kruppa* at ¶ 11; *Roth v. United States*, 354 U.S. 476, 491, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957).

**{¶23}** The trial court found R.C. 2933.51(B) is void for vagueness "as applied" rather than vague on its face. An as applied challenge asserts that a statute is unconstitutional as applied to the challenger's particular conduct. *Kruppa* at ¶ 12. In contrast, a facial-vagueness challenge asserts the statute is vague in all of its applications. *Id.* This means the legislation does not provide a definitive standard by which to determine what is required under the law. *Id.* A facial-vagueness challenge asserts that a law is unconstitutional as applied to the hypothetical conduct of a third party and without regard to the challenger's specific conduct. *Id.*

**{¶24}** Ohio's wiretapping statute is codified in R.C. 2933.51 et seq. As relevant to the dismissed charges in the indictment, R.C. 2933.52 provides: "(A) No person purposely shall do any of the following: (1) Intercept, attempt to intercept, or procure another person to intercept or attempt to intercept a wire, oral, or electronic communication; * * * (3) Use, or attempt to use, the contents of a wire, oral, or electronic communication, knowing or having reason to know that the contents were obtained

7

through the interception of a wire, oral, or electronic communication in violation of sections 2933.51 to 2933.66 of the Revised Code."

{¶25} "Oral communication" is defined as "an oral communication uttered by a person exhibiting an expectation that the communication is not subject to interception under circumstances justifying that expectation. 'Oral communication' does not include an electronic communication." R.C. 2933.51(B).

{¶26} The trial court found R.C. 2933.51(B)'s definition of "oral communication" is unconstitutional as applied to the facts of the instant case.

{¶27} Crucially, however, and most fundamentally, the facts of this case have yet to be determined. Although the trial court cited to "uncontroverted facts" in its judgment entry, the state is correct in its assertion that the facts of the instant case are still in dispute, and thus any determination of whether the statute is unconstitutional as applied is premature.

{¶28} In *State v. Patterson*, 11th Dist. Geauga No. 1160, 1984 WL 6509 (Dec. 28, 1984), the defendants were charged with two counts of trafficking in counterfeit controlled substances in violation of R.C. 2925.37(B). Shortly after pleading not guilty to the charges, the defendants filed a motion to dismiss on the basis that the statute was unconstitutionally void for vagueness. *Id.* at *1. After finding the statute was constitutional on its face, we determined that "[i]f a statute fails a constitutional challenge as being overbroad on its face, the statute must then be examined in light of the facts of the case at hand. * * * An accused who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others. * * * An examination of appellees' conduct must be made before the statute can be declared

8

unconstitutional. * * * In the present case, there was no factual basis before the court. A determination that the statute was unconstitutional as applied to each appellee could not have been made until those facts were submitted. Thus, the trial court's dismissal was premature as the facts of each appellee's case were never fully disclosed." *Id.* at *2. We reversed and remanded for further examination of the facts on which the indictments were based, since only then could a determination of the constitutional status of R.C. 2925.37(B) be properly made. *Id.*

{¶29} Similarly, in *State v. Echols*, 2d Dist. Montgomery Nos. 14373, 14457, 14460, 14637, 14639, & 14679, 1995 WL 118025 (Mar. 15, 1995), the appellees were charged (in separate cases) with violating R.C. 2925.37(A), knowing possession of a counterfeit controlled substance, as defined in R.C. 2925.01(P)(4). *Id.* at *1. In each case, the appellees filed a facial challenge to the statutes, alleging they were void for vagueness, and therefore, unconstitutional. *Id.* Prior to any evidentiary hearings, the trial courts sustained the motions, held the charges invalid, and dismissed the charges. *Id.*

{¶30} The Second District determined that "[t]he problem facing us is that no facts were developed in any of the cases below. Each court dismissed the charges before an evidentiary hearing could be held. The only facts before us are contained within either the Appellant's brief or in motions below, primarily by the State. In [the case against defendant-appellee Echols] no facts appear in the record. We cannot look to the indictments or complaints below for 'well-pleaded allegations,' *United States v. National Dairy Corp.* (1963), 372 U.S. 29, 33 n. 2, because no particulars of the offenses were alleged; the Appellees were merely charged with violating the statutory language. Hence,

9

without a factual predicate, we may not address the merits of these facial challenges." *Id.* at *3.

{¶31} Similarly here, a review of the record reveals that no evidentiary hearings were conducted, no testimony was offered, no stipulations were submitted, and no exhibits were admitted. Thus, any attempt to challenge the constitutionality of R.C. 2933.51(B) as applied is premature, and we must reverse and remand for further examination of the facts upon which the indictment was based.

{¶32} The trial court expressed in its judgment entry that there is no guidance in R.C. 2933.51(B) "whether the defendant's expectation can be waived, and if so, under what circumstances," specifically finding that "there is no guidance on whether or not the statute applies in a business or workplace setting such as the instant case whe[re] work place guidelines allow for surveillance and monitoring in a limited capacity."

{¶33} Therefore, we would be remiss not to remand without some guidance for the court below. We note that the code sections in Ohio's wiretapping statute at issue in this case mirror the federal wiretapping statute, 18 U.S.C. 2510 et seq.

{¶34} 18 U.S.C. 2511 provides: "(1) Except as otherwise specifically provided in this chapter any person who -- (a) intentionally intercepts, endeavors to intercept, or procures any other to intercept or endeavor to intercept, any wire, oral, or electronic communication; * * * [or] (c) intentionally discloses, or endeavors to disclose, to any other person the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection * * * shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5)."

10

**{¶35}** "Oral communication" is defined as "any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation, but such term does not include any electronic communication[.]" 18 U.S.C. 2510(2).

**{¶36}** Former R.C. 2933.51(B) defined "oral communication" as "any human speech that is used to communicate by one person to another person." In 1996, the General Assembly amended R.C. 2933.51(B) to include a reasonable expectation of privacy element, making it identical to the federal version.

**{¶37}** Recently, in *Sullinger v. Sullinger*, 849 Fed.Appx. 513 (6th Cir.2021), the Sixth Circuit affirmed the district court's holding that two employees had no expectation of privacy in the shared spaces of an office or in another employee's office. *Id.* at 521, 523. The wife of the owner of the company where the employees worked had installed covert surveillance devices in the office, motivated by an underlying divorce action in state court. *Id.* at 514-515. The Sixth Circuit explained that "[w]e analyze the Ohio wiretapping claims alongside the federal wiretapping claims because 'the Ohio statute must provide no less protection to individuals than does the federal statute.' *State v. Thomas*, Nos. 88 CA 22, 88 CA 29, 1989 WL 74879, at *3 (Ohio Ct. App. June 28, 1989). The federal wiretapping statute protects 'any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation,' except for electronic communications. 18 U.S.C. § 2510(2). The Ohio statute provides a nearly identical definition of 'oral communications,' Ohio Rev. Code § 2933.51(B), and Ohio courts have held that 'an oral communication only qualifies as a protected oral communication … if the person uttering it had a reasonable

11

expectation of privacy,' *State v. Ingram*, No. 10CA0022-M, 2010 WL 2990865, at *3 (Ohio Ct. App. Aug. 2, 2010). We have adopted a two-part reasonable-expectation test to determine if an oral communication is protected, considering whether (1) 'a person exhibited an expectation of privacy,' and (2) 'whether that expectation was reasonable.' *Huff v. Spaw*, 794 F.3d 543, 550 (6th Cir. 2015). The first prong is not met if a person either '*exposes* ... statements to the "plain view" of outsiders' or 'fails to take ... steps to prevent exposure to third parties.' *Id.* (citations omitted). For the second prong, we ask whether 'society is prepared to recognize an exhibited expectation as legitimate.' *Id.* An 'employee has a reasonable expectation of privacy in his office.' *Bender's, Inc. v. Walker*, 1 F. App'x 317, 323 (6th Cir. 2001) (stating so in the Fourth Amendment context). And employees can have a reasonable expectation of privacy in the workplace where employees 'take care to ensure that their conversations remained private' in a 'small, relatively isolated' shared office.' *Dorris v. Absher*, 179 F.3d 420, 425 (6th Cir. 1999)." *Id.* at 521-522.

{¶38} Thus, while this may be a case of first impression in the state of Ohio, there is case law that may lend guidance in interpreting "oral communication" in the business/workplace setting of an employee accused of misconduct to aid the trial court, after holding an evidentiary hearing on the facts, in its determination of whether R.C. 2933.51(B) is unconstitutionally vague as applied to the instant case.

{¶39} Lastly, we note that OJI are recommended instructions based primarily upon case law and statutes and that there are not instructions for every circumstance. *Callahan v. Akron Gen. Med. Ctr.*, 9th Dist. Summit No. Civ.A. 22387, 2005-Ohio-5103, ¶ 10.

12

Case No. 2021-T-0062

{¶40} In conclusion, we do not address the merits of the state's assignment of error as it pertains to the statute's vagueness. We do, however, sustain the assignment of error because the trial court was premature in its determination that the statute was unconstitutionally vague as applied to this case.

{¶41} The judgment of the Trumbull County Court of Common Pleas is reversed and remanded for further proceedings in accordance with this opinion.

MATT LYNCH, J., concurs,

THOMAS R. WRIGHT, P.J., concurs in judgment only with a Concurring Opinion.

—————————————

THOMAS R. WRIGHT, P.J., concurring in judgment only.

{¶42} I concur in the majority's opinion through paragraph 31, where the majority determines that "any attempt to challenge the constitutionality of R.C. 2933.51(B) as applied is premature, and we must reverse and remand for further examination on the facts of which the indictments were based." This determination resolves the appeal. While I understand the majority's desire to provide guidance to the trial court, I express no opinion as to the law therein cited or its application to this case. *See Arbino v. Johnson & Johnson*, 116 Ohio St.3d 468, 2007-Ohio-6948, 880 N.E.2d 420, ¶ 84, quoting *Fortner v. Thomas*, 22 Ohio St.2d 13, 14, 257 N.E.2d 371 (1970) ("Every court must 'refrain from giving opinions on abstract propositions and * * * avoid the imposition by judgment of premature declarations or advice upon potential controversies.'"). This portion of the discussion constitutes dicta and is not binding in any future appeals. *See Gissiner v.*

13

*Cincinnati*, 1st Dist. Hamilton No. C-070536, 2008-Ohio-3161, ¶ 15, citing *Episcopal School of Cincinnati v. Levin*, 117 Ohio St.3d 412, 2008-Ohio-939, 884 N.E.2d 561, ¶ 27 ("Dicta is not authoritative, and, by definition, cannot be the binding law of the case."). Accordingly, I concur in judgment only.

Case No. 2021-T-0062