OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and appellant's brief. Defendant-Appellant, Daniel Thorne, Sr., appeals the decision of the Steubenville Municipal Court that found him guilty of harboring a barking or howling dog in violation of a Steubenville Municipal Ordinance.
 {¶ 2} On appeal, Thorne argues that the ordinance in question is vague and overbroad, and that his conviction is against the manifest weight of the evidence. The precedent of this court and the Supreme Court of Ohio supports the constitutionality of this ordinance, and Thorne's conviction is based on competent credible evidence. The trial court's decision is affirmed.
 Facts {¶ 3} Thorne lives in Steubenville, Ohio, and owns five dogs. One of those dogs is left outside in a kennel during the warmer months, while the rest of the dogs are typically kept inside Thorne's home. One of Thorne's neighbors, Christopher Jeyaratnam, made complaints to the police that Thorne's dogs were making excessive noise. This noise had made Jeyaratnam lose sleep and his wife had begun to take antidepressants because of the persistent barking. Jeyaratnam had lodged approximately thirty complaints regarding Thorne's dogs over the past five years.
 {¶ 4} On July 23, 2007, at about 8:30 p.m., Jeyaratnam called the police to complain about Thorne's dogs. An officer arrived on the scene to investigate and recorded barking dogs. The next day, Thorne was served with a citation for violating Steubenville's ordinance against keeping barking dogs.
 {¶ 5} The case eventually was tried to the trial court, where Thorne argued that the ordinance was unconstitutional. After hearing the testimony of numerous witnesses, the trial court found Thorne guilty and ordered that he pay a fifty dollar fine. That sentence was stayed pending appeal.
 Ordinance Constitutionality Vague {¶ 6} In his first of two assignments of error, Thorne argues:
 {¶ 7} "The trial court erred in overruling the pro se motion to dismiss the complaint on the basis that the Steubenville ordinance 505.09 is unconstitutionally vague on its face *Page 2 
and as applied, and violates the Fifth and Fourteenth Amendments to the Constitution of the United States and Article 1, Section 16 of the Ohio Constitution."
 {¶ 8} The ordinance in question provides:
 {¶ 9} "(a) No person shall keep or harbor any dog within the Municipality which, by frequent and habitual barking, howling or yelping, creates unreasonably loud and disturbing noises of such a character, intensity and duration as to disturb the peace, quiet and good order of the Municipality. Any person who shall allow any dog habitually to remain, be lodged or fed within any dwelling, building, yard or enclosure, which he occupies or owns, shall be considered as harboring such dog.
 {¶ 10} "(b) Whoever violates this section is guilty of a minor misdemeanor." Steubenville Municipal Ordinance 505.09.
 {¶ 11} Thorne argues that the ordinance is unconstitutionally vague because it does not adequately explain what falls within the terms "frequent" or "unreasonably loud," nor does it explain what constitutes a disturbance of the peace.
 {¶ 12} Legislation is presumed to be constitutional and does not need to be drafted with scientific precision in order to meet that presumption. State v. Brundage, 7th Dist. No. 01-CA-07, 2002-Ohio-1541, at ¶ 25. In order for a person to successfully challenge a statute as unconstitutionally vague, the statute cannot merely be vague because it "requires a person to conform his conduct to an imprecise but comprehensible normative standard." Instead, the challenging party must "prove, beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged." Columbus v. Kim, 118 Ohio St.3d 93, 2008-Ohio-1817,886 N.E.2d 217, at ¶ 17, quoting State v. Anderson (1991),57 Ohio St.3d 168, 171, 566 N.E.2d 1224.
 {¶ 13} In an almost identical manner to the City Code at question inColumbus, Steubenville Municipal Ordinance 505.09 is not unconstitutionally vague because:
 {¶ 14} "[I]t sets forth sufficient standards to place a person of ordinary intelligence on notice of what conduct the ordinance prohibits. The ordinance incorporates an objective standard by prohibiting only those noises that are `unreasonably loud or *Page 3 
disturbing.' The ordinance provides specific factors to be considered to gauge the level of the disturbance, namely, the `character, intensity and duration' of the disturbance." Columbus at ¶ 9.
 {¶ 15} A person of ordinary intelligence would understand that having dogs which bark intermittently for hours at a time, and which have caused dozens of complaints over the years, would be prohibited by Steubenville Municipal Ordinance 505.09. The ordinance provides reasonably clear guidelines as to what it requires of individuals within its municipality. Accordingly, the ordinance is not unconstitutionally vague, and the first assignment of error is meritless.
 Manifest Weight {¶ 16} In his second assignment of error, Thorne argues:
 {¶ 17} "The trial court erred in finding that Defendant-Appellant kept or harbored a dog which, by frequent and habitual barking, howling or yelping, created unreasonably loud and disturbing noises of such a character, intensity and duration as to disturb the peace, quiet and good order of the municipality and the judgment of the trial court is against the manifest weight of the evidence."
 {¶ 18} Thorne contends that his conviction is against the manifest weight of the evidence due to the limited and conflicting witness testimony.
 {¶ 19} When determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror" and must review the entire record, weigh the evidence and all reasonable inferences, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-0052, 678 N.E.2d 541. The discretion to grant a new trial, however, "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717. In weighing the evidence, we must bear in mind the superior, first-hand perspective of the trier of fact in judging the demeanor and credibility of the witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, *Page 4 227 N.E.2d 212.
 {¶ 20} The evidence in this case does not weigh heavily against Thorne's conviction. It is a violation of Steubenville Municipal Ordinance 505.09 for a person to "keep or harbor any dog within the Municipality which, by frequent and habitual barking, howling or yelping, creates unreasonably loud and disturbing noises of such a character, intensity and duration as to disturb the peace, quiet and good order of the Municipality." Steubenville Municipal Ordinance 505.09(a). Thorne argues that his dogs did not frequently and habitually bark, that they did not create unreasonably loud and disturbing noises, and that the noise they did make did not disturb the peace, quiet, and good order of Steubenville.
 {¶ 21} The evidence in support of the prosecution included Jeyaratnam's testimony as to the ongoing problem with Thorne's dogs as well as the noise created by the dogs on the night of the charged violation. Officer Joseph Buchmelter testified that he went to Thorne's residence on July 23, 2007 in response to the complaint, recorded seven to twelve minutes of the dogs barking, and observed that the dogs were barking, though not extremely loudly, and persistently.
 {¶ 22} In Thorne's defense, he called another neighbor, Justin Zullo, who testified that he was probably home on the night in question and did not hear Thorne's dogs. According to Zullo, he had never heard Thorne's dogs bark consistently and for long periods of time. Officer Romell Minnifield, the local animal litter control officer, testified that he had been to Thorne's property in his official capacity and had not observed a barking dog.
 {¶ 23} Thorne testified that he owned five dogs who did bark if someone approached the house or yard or if a cat was nearby, but denied that his dogs "barked to bark." Thorne claimed that Jeyaratnam had been upset with Thorne ever since Thorne asked Jeyaratnam to erect a fence around his pool to protect the safety of Thorne's child. Thorne also testified that he had made efforts to curb the barking issue by installing a baby monitor outside. He would also bring the dogs indoors when the family was gone to alleviate any barking problems. *Page 5 
 {¶ 24} Thorne testified that he was home on July 23, 2007. At around 9:00 he heard the beagle bark a couple of times in the back yard on the baby monitor. Then the dogs started barking at the front door, but no one was there when Thorne reached the door. Thorne denied that his dogs were barking that night from 8:30 until 10:20.
 {¶ 25} The foregoing evidence supports the trial court's conclusion. The weight of the evidence indicated that Thorne's dogs frequently and habitually barked. There is no strong reason in the record to disbelieve Jeyaratnam's testimony, and the rebutting testimony of Thorne and other witnesses was specifically found by the judge to be "vague" and "less than credible."
 {¶ 26} Likewise, the trial court's conclusion that the barking was unreasonably loud and disturbing was supported by the evidence. Jeyaratnam testified that the barking so affected his family that he lost sleep, his performance at work was impaired, and his wife required antidepressants.
 {¶ 27} Finally, the evidence supports the trial court's conclusion that the barking disturbed the peace, quiet and good order of the municipality. Although Jeyaratnam was the sole complainant in the case, an entire city does not need to be disturbed by the barking to constitute a disturbance of the peace. South Euclid v. Hafey (July 29, 1993), 8th Dist. No. 63283, at 3 ("The evidence also established that this noise was of sufficient intensity to disturb the family who resides directly next door. We find this to constitute sufficient evidence to establish a violation of the ordinance."). Thus, the fact that one family is disturbed by the barking can be sufficient to disturb the peace, quiet, and good order of a municipality. Columbus v. Kim, 10th Dist. No. 05AP-1334, 2006-Ohio-6985, at ¶ 16.
 {¶ 28} The record reveals substantial evidence in favor of Thorne's conviction, and the trial court did not lose its way in resolving conflicts in the evidence. Accordingly, Thorne's second assignment of error is meritless.
 {¶ 29} The constitutionality argument that Thorne raises has been explicitly rejected by this court and the Ohio Supreme Court. The record refutes Thorne's claim that the conviction was against the manifest weight of the evidence. Substantial evidence *Page 6 
was presented in favor of conviction, and the trial court did not act unreasonably in its credibility findings. Accordingly, the judgment of the trial court is affirmed.
 Donofrio, J., Vukovich, J., concurs. *Page 1