[Cite as *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 2021-Ohio-3898.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The Estate of Kwesi Sample, through its Administrator Lawrence Cornish, | : | |
| | : | |
| Plaintiff-Appellant, | : | No. 20AP-563 |
| | : | (C.P.C. No. 16CV-6763) |
| v. | : | (REGULAR CALENDAR) |
| Xenos Christian Fellowship, Inc., | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on November 2, 2021

**On brief:** *Cooper & Elliott, LLC*, and *Adam P. Richards*, for appellant. **Argued:** *Adam P. Richards.*

**On brief:** *Crabbe, Brown & James, LLP*, and *John C. Albert*, for appellee. **Argued:** *John C. Albert.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant, Lawrence Cornish, Administrator for the Estate of Kwesi Sample ("the Estate"), appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Xenos Christian Fellowship, Inc. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On May 14, 2013, Sample tragically drowned while swimming across an ocean inlet from North Carolina's Holden Beach to Sheep Island. Sample had traveled to Holden Beach with other college-aged congregants of Xenos, a non-traditional, non-denominational church based in Columbus. Xenos consists of approximately 200 home

churches, and Sample joined a home church led in part by Joshua LeVan. On the day of the drowning, LeVan and others decided to go geocaching, which is an outdoor recreational activity involving the search for a hidden object, or cache, using provided global positioning system coordinates and clues. The group's hunt for a particular cache required them to traverse the ocean inlet to Sheep Island. Sample indicated that he could swim and joined the group in the activity. As they swam across the ocean inlet, Sample began to struggle and went underwater. The others were unable to save him.

{¶ 3} In July 2016, the Estate filed a wrongful death and survivorship action against Xenos asserting claims for negligence and negligent supervision and/or training. In March 2017, the trial court ruled that it would apply North Carolina, not Ohio, law to the Estate's tort claims. The next month, Xenos moved for summary judgment on all claims, arguing in part that it owed no duty of care to Sample as to the dangers associated with open water swimming because those dangers were open and obvious as a matter of law. The trial court granted Xenos' summary judgment motion, and the Estate appealed.

{¶ 4} In December 2019, this court affirmed in part and reversed in part. *Estate of Sample v. Xenos Christian Fellowship, Inc.*, 10th Dist. No. 18AP-804, 2019-Ohio-5439 (*Sample I*). As to the Estate's negligence claim, this court affirmed the trial court's granting of summary judgment, holding that Sample's contributory negligence barred that claim under North Carolina law. *Id.* at ¶ 57-60. As to the Estate's claim for negligent supervision and/or training, this court held the trial court erred in granting summary judgment in Xenos' favor because Xenos did not meet its burden to identify the basis on which it sought summary judgment on that claim. *Id.* at ¶ 61. Accordingly, the matter was remanded for further proceedings. *Id.* at ¶ 62.

{¶ 5} On remand, Xenos moved for summary judgment on the Estate's negligent supervision and/or training claim. Citing the undisputed facts as previously outlined in *Sample I*, and this court's finding that the ocean inlet was an open and obvious danger, Xenos generally argued the Estate's claim for negligent supervision and/or training failed as a matter of law because there was no duty. In November 2020, the trial court granted Xenos' summary judgment motion. Insofar as the Estate alleged negligent supervision, the trial court applied North Carolina law and found the Estate could not establish all elements of that claim because there was no duty of Xenos group leaders, such as LeVan, to warn or

accurately inform Sample of the dangers of swimming in open waters. And insofar as the Estate alleged negligent training, the trial court applied Ohio law and similarly found that this claim failed as a matter of law because Xenos did not owe Sample a duty to protect him from LeVan or the inherent dangers of swimming in open waters.

{¶ 6} The Estate timely appeals.

## II. Assignment of Error

{¶ 7} The Estate assigns the following error for our review:

> The trial court erred when it granted defendant-appellee's ("Xenos") motion for summary judgment on plaintiff-appellant's (the "Estate") negligent training claim.

## III. Discussion

{¶ 8} The Estate's sole assignment of error contends the trial court erred in granting Xenos' motion for summary judgment on its negligent training claim.[1] This assignment of error lacks merit.

{¶ 9} An appellate court reviews summary judgment under a de novo standard. *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41 (9th Dist.1995); *Koos v. Cent. Ohio Cellular, Inc.*, 94 Ohio App.3d 579, 588 (8th Dist.1994). Summary judgment is appropriate only when the moving party demonstrates (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 10} Pursuant to Civ.R. 56(C), the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record demonstrating the absence of a material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). However, the moving party cannot discharge its initial burden under this rule with a conclusory assertion that the nonmoving party has no evidence to prove its case; the moving party must specifically point to evidence of the type listed in Civ.R. 56(C)

---

[1] In this appeal, the Estate does not challenge the trial court's disposition of its negligent supervision claim under North Carolina law.

affirmatively demonstrating that the nonmoving party has no evidence to support the nonmoving party's claims. *Id.*; *Vahila v. Hall*, 77 Ohio St.3d 421, 429 (1997). Once the moving party discharges its initial burden, summary judgment is appropriate if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that a genuine issue exists for trial. *Dresher* at 293; *Vahila* at 430; Civ.R. 56(E).

{¶ 11} To establish negligent training under Ohio law, the plaintiff must prove (1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act causing the plaintiff's injuries; and (5) the employer's negligence in training the employee as the proximate cause of the plaintiff's injuries. *Ford v. Brooks*, 10th Dist. No. 11AP-664, 2012-Ohio-943, ¶ 22. "These elements correspond with the basic elements of negligence—duty, breach, proximate cause, and damages." *Ball v. Stark*, 10th Dist. No. 11AP-177, 2013-Ohio-106, ¶ 76. Here, the trial court determined the Estate's negligent training claim fails as a matter of law because there was no duty to protect Sample from the inherent dangers of open water swimming. We agree.

{¶ 12} Before we analyze the primary issue in this appeal, however, we address whether the trial court granted summary judgment on a basis that Xenos properly raised and supported with facts established in the record. The Estate argues the trial court improperly granted summary judgment because Xenos did not raise the issue that formed the basis of the trial court's decision, and because Xenos simply relied on this court's prior decision in *Sample I* applying North Carolina law. According to the Estate, the trial court improperly awarded summary judgment in favor of Xenos on the negligent training claim based on its finding that there was no duty under Ohio law, even though Xenos' duty argument was premised on this court's prior decision applying North Carolina law. We are not persuaded. In moving for summary judgment on the Estate's negligent training claim, Xenos argued that claim failed as a matter of law because no duty existed under Ohio law in view of the previously determined undisputed facts. Thus, the trial court awarded summary judgment on a basis that Xenos raised and supported with facts established in the record.

{¶ 13} As to the merits of the Estate's negligent training claim, we agree with the trial court's determination that Xenos owed no duty to Sample to protect him from the hazards of open water swimming through its training of Xenos group leaders. The existence of a legal duty may be established by common law, legislative enactment, or the particular circumstances of a case. *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, ¶ 23. Whether a duty exists is a question of law for a court to determine. *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989). "There is no formula for ascertaining whether a duty exists. Duty * * * is the court's expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." (Internal quotations and citations omitted.) *Wallace* at ¶ 24. Ultimately, the existence of a duty depends on the foreseeability of the injury to the plaintiff. *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142 (1989). "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984).

{¶ 14} In the context of a negligent training claim, a duty arises if (1) an employment relationship exists between the defendant and the third person who injured the plaintiff, and (2) the injury to the plaintiff was foreseeable given the employee's incompetence and the employer's knowledge of that incompetence. *Ball* at ¶ 76. Thus, liability for negligent training "only arises if the employer knew or should have known of the employee's incompetence and the particular incompetence manifested by the employee would cause a reasonably prudent person to anticipate the employee's misconduct." *Id.*

{¶ 15} The Estate contends that evidence in the record demonstrated that Sample died because LeVan, Sample's Xenos group leader, failed to provide accurate information to Sample regarding the swim across the ocean inlet to the geocache location. The Estate further contends that even though Xenos should have expected its groups to engage in a recreational activity like geocaching during the Holden Beach trip based on prior geocaching activity of Xenos groups, it did not train its leaders on planning this type of activity. The Estate reasons that in the absence of this training, Xenos had constructive knowledge that the leaders were incompetent on that subject, and it was therefore foreseeable that injury would occur. We are unconvinced.

{¶ 16} Even assuming that an employment relationship existed between Xenos and LeVan, and that LeVan demonstrated incompetence concerning geocaching activity planning during the Holden Beach trip, the Estate has cited no evidence in the record reasonably indicating that Xenos should have known about any such incompetence. First, the Estate's reasoning assumes specialized training is necessary to establish competence in planning a group recreational activity like geocaching, which involves searching for a hidden container using GPS coordinates and clues. In our view, however, evidence of Xenos not training its leaders in planning group recreational activities like geocaching does not reasonably establish its constructive knowledge of a group leader's incompetence in planning such an activity, including gathering and providing pertinent information to the group. Second, even though Xenos leaders, including LeVan, previously took groups geocaching, the Estate cites no evidence that any of the group leaders had demonstrated any incompetence as to that recreational activity prior to the Holden Beach trip. Thus, based on the evidence submitted, Xenos had no actual or constructive knowledge that Sample's leader, LeVan, lacked the requisite ability to plan group recreational activities like geocaching. Consequently, Xenos owed no duty to Sample to protect him from the hazards of open water swimming through its training of Xenos group leaders.

{¶ 17} Because the trial court did not err in granting Xenos' summary judgment motion, we overrule the Estate's sole assignment of error.

## IV. Disposition

{¶ 18} Having overruled the Estate's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and JAMISON, JJ., concur.

———————————