[Cite as *Ullmann v. Columbus*, 2024-Ohio-5223.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Victoria E. Ullmann, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 23AP-717 |
| v. | : | (C.P.C. No. 22CV-1631) |
| City of Columbus, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 31, 2024

**On brief:** *Victoria E. Ullmann*, pro se. **Argued:** *Victoria E. Ullmann.*

**On brief:** *Zach Klein,* City Attorney, *Alexandra N. Pickerill, Sarah N. Feldkamp*, for appellee. **Argued:** *Sarah N. Feldkamp.*

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Plaintiff-appellant, Victoria E. Ullmann, appeals the Franklin County Court of Common Pleas decision and entry granting in part her motion for summary judgment and granting in part defendant-appellee, the City of Columbus's ("the City") motion for summary judgment. For the following reasons, we affirm the trial court's decision.

## I. PROCEDURAL HISTORY AND FACTS

{¶ 2} Ullmann is the owner and occupier of 1135 Bryden Road, a single-family residence in Columbus. On November 20, 2018, the City filed a complaint for injunctive relief against Ullmann in the Franklin County Municipal Court Environmental Division. The City alleged various violations of the Columbus City Code ("C.C.C.") that it argued constituted a public nuisance, as defined in R.C. 3767.41(A)(2)(a) and C.C.C. 4703.01(F), 4501.275 and 4101.16, and requested findings from the court declaring such. The City also

requested an order requiring Ullmann and any successor in interest or title to bring the property into compliance with the C.C.C. and the Ohio Revised Code and enjoining Ullmann from further violating any applicable provisions of the city code and state law. The City also requested authorization from the court to enter and perform abatement activity on the property, to recover the total cost of the abatement, and to appoint a receiver for the property.

{¶ 3} On March 14, 2022, Ullmann filed a complaint for declaratory judgment and injunctive relief against the City and Dave Yost, Ohio Attorney General in the Franklin County Court of Common Pleas. Ullmann requested the court grant her the following relief:

A. Declare that R.C. 3767.41 does not apply to single-family owner-occupied homes.

B. Declare that R.C. 713.13 does not allow a municipality to obtain an[] injunction[] for minor or aesthetic building code violations.

C. Declare that R.C. 715.30 does not authorize an injunction for minor building violations or grant the City standing to request one.

D. Declare that Columbus City Code Section 4701.99 designates property maintenance violations to be criminal.

E. Declare that the definition of what constitutes a public nuisance in Columbus City Code Sections 4501.275 and 4703.01(F) is vague and overbroad.

F. Declare that the City of Columbus cannot seize single family homes except through eminent domain procedures required by Ohio Const. Art. 1 Section 19 and violates the 5th and 14th Amendments of the United States Constitution.

G. Declare that the Columbus City Code Sections 4509.99 and 4701.995 which set a fine for any and all building code violations at $1000 a day is a violation of the excessive fines clause in 8th Amendment to the United States Constitution and Article 1 Section 8 of the Ohio Constitution.

H. Enjoin the City of Columbus from taking any action against homeowners in violation of this court's determinations.

(Mar. 14, 2022 Compl. at 14-15.) Ullmann also requested the trial court enter judgment for her and award her costs and fees due to the City's frivolous filing of the Environmental Court action.

{¶ 4} On April 15, 2022, Ullmann filed a notice of dismissal of all claims against Defendant Ohio Attorney General. On July 8, 2022, the City filed a motion to dismiss Ullmann's complaint, arguing that she is asking the Franklin County Court of Common Pleas to rule on the same issues that were before the Franklin County Municipal Court Environmental Division. On May 30, 2023, the trial court denied the City's motion to dismiss, finding that Ullmann's claims were not barred from review through a declaratory judgment action.

{¶ 5} On July 7, 2023, Ullmann filed a motion for partial summary judgment. Ullmann argued that the City was violating Article 1, Section 19 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution by seizing real property through the placement of private property in receivership. Ullmann also argued that pursuant to R.C. 3767.41 the City cannot seize homes and place them into receiverships and that the City's actions declaring public nuisances conflicted with state law.

{¶ 6} On July 28, 2023, the City also filed a motion for summary judgment pursuant to Civ.R. 56(C), urging the trial court to dismiss all of Ullmann's claims.

{¶ 7} On November 8, 2023, the trial court issued a decision on the parties' motions for summary judgment. The trial court noted that Ullmann's property at 1135 Bryden Road, while frequently mentioned in the parties' briefing, was ultimately not at issue in this case and that claims relating specifically to that property were pending before the Franklin County Municipal Court, Environmental Division, in case No. 2018 EVH 060661.

{¶ 8} The trial court first determined that R.C. 3767.41 clearly states it does not apply to buildings or structures containing three or fewer residential units, including single-family, owner-occupied homes, and granted summary judgment for Ullmann on this claim. The trial court also found that R.C. 713.13 only allows for injunctions on properties that violate the building code described within R.C. 713.09, particular to the location of buildings and setbacks, and it noted that the placement of a building could qualify as an aspect of aesthetics requiring it to be reviewed on a factual, case-by-case basis. The trial

court then found that R.C. 715.30 grants a municipality the authority to bring a case seeking an injunction for maintenance defects, such as peeling paint, if that defect violated a municipal ordinance that is not in conflict with any other state law. (Nov. 8, 2023 Decision & Entry at 7.) The trial court also determined, contrary to Ullmann's arguments, that C.C.C. 4701.99(E) grants the City the authority to pursue civil, not just criminal, actions for enforcement of nuisance provisions in the C.C.C. or the Ohio Revised Code, and it rejected Ullmann's arguments that C.C.C. 5401.275 and 4703.01(F) are vague, overbroad, and violate the United States Constitution.

{¶ 9} The trial court also considered Ullmann's request for a declaratory judgment that the City cannot seize single-family homes except through eminent domain proceedings because doing so runs afoul of the Fifth and Fourteenth Amendments to the United States Constitution. The trial court rejected this request for a declaratory judgment, finding that the Fifth Amendment does not apply here and that R.C. 715.26 does not violate the Fourteenth Amendment because it requires due process prior to the seizure of buildings to ensure they are in sanitary conditions for the public health, safety, morals, and general welfare of the public. (Decision & Entry at 11.) The trial court further rejected Ullmann's request for a declaratory judgment that C.C.C. 4509.99 sets excessive fines, in violation of the Ohio Constitution and the United States Constitution. Rather, the trial court determined that the statute *capped* fines at a maximum $1,000 penalty to allow courts to enforce the law with proportionate fines related to the offense and is therefore not unconstitutional. (Decision & Entry at 11-12.) The trial court also rejected Ullmann's argument that C.C.C. 4701.995 sets excessive fines in violation of the Ohio and United States Constitutions as those fines are civil in nature and therefore the Eighth Amendment does not apply.

{¶ 10} Ullmann now appeals the trial court's decision on summary judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 11} Ullmann argues nine assignments of error:

> (1) The trial court erred in failing to make appropriate findings of undisputed facts.
>
> (2) The trial court erred when it failed to determine that the definition of public nuisance is determined solely by the General Assembly in the Revised Code and the city cannot expand that definition.

(3) The trial court failed to grant appropriate relief after determining that R.C. 3767.41 does not apply to single family homes.

(4) The trial court erred in determining that any part of R.C. 713 has any bearing on this matter.

(5) The trial court erred in finding that the city has authority to abate minor building maintenance issues or to obtain a lien for such abatement for minor building maintenance issues pursuant to R.C. 715.261.

(6) The trial court erred in failing to determine that the city's attempt to seize property without statutory authority violates due process and the requirements of eminent domain.

(7) The trial court erred in failing to determine that the city is committing sanctionable conduct by filing these complaints.

(8) The trial court correctly determined that the ordinances relied on by the city are in fact criminal, but failed to make the necessary finding regarding how the fabrication of an illegal civil complaint violates the constitutional rights of homeowners.

(9) The civil forfeiture provisions of the Columbus City Code are unconstitutional.

## III. STANDARD OF REVIEW

{¶ 12} At issue in this appeal is whether the trial court erred in denying in part Ullmann's motion for summary judgment. This court reviews summary judgment under a de novo standard. *Estate of Sample v. Xenos Christian Fellowship, Inc.,* 10th Dist. No. 20AP-563, 2021-Ohio-3898, ¶ 9. Questions of law raised in a declaratory judgment action are likewise reviewed de novo on appeal. *One Energy Ents., LLC v. Ohio Dept. of Transp.,* 10th Dist. No. 17AP-829, 2019-Ohio-359, ¶ 27-28, quoting *Arnott v. Arnott,* 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 13 ("once a trial court determines that a matter is appropriate for declaratory judgment, its holdings regarding questions of law are reviewed on a de novo basis").

{¶ 13} Summary judgment is appropriate only when the moving party demonstrates: (1) no genuine issue of material fact exists, (2) the moving party is entitled

to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

## IV. LEGAL ANALYSIS

### A. Assignment of Error No. 1

{¶ 14} In her first assignment of error, Ullmann argues that Civ.R. 56 required the trial court to determine whether there were genuine issues of fact in dispute and to make findings of the undisputed facts. Namely these findings of undisputed facts that Ullmann argues the trial court should have made center around her property at 1135 Bryden Road. However, there is no requirement that the trial court make findings of undisputed facts when deciding these issues of law. Civ.R. 56(C) states:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶ 15} Civ.R. 56(C) does not require the court to discuss facts in writing, nor does Ullmann direct this court to any case law with such a requirement. In fact, the trial court stated that "Plaintiff and Defendant both agree there is no dispute of material fact and that all questions revolve around the language of the statutes, ordinances, and regulations at issue." (Decision & Entry at 4.) We therefore overrule Ullmann's first assignment of error.

### B. Assignment of Error No. 2

{¶ 16} In her second assignment of error, Ullmann argues the trial court erred when it failed to determine that the definition of public nuisance is determined solely by the General Assembly in the Revised Code and the City cannot expand that definition. In her motion for summary judgment, Ullmann argued that the definition of public nuisance in

C.C.C. 4703.01(F) conflicts with state law, namely R.C. 3767.41, and is therefore invalid. (July 7, 2023 Mot. for Summ. Jgmt. at 7.) However, Ullmann did not request in her complaint a declaratory judgment as to the meaning of R.C. 3767.01's definition of public nuisance, nor did her complaint ask the court for a declaratory judgment that there is a conflict between R.C. 3767.01 and C.C.C. 4501.275 and 4703.01(F). Instead, as stated in her complaint, Ullmann requested a declaratory judgment:

> that the definition of what constitutes a public nuisance in Columbus City Code Sections 4501.275 and 4703.01F is vague and overbroad. Further that this attempt to render valuable property worthless by using arbitrary and capricious designations of real estate as a public nuisance violates the 5th and 14th Amendments [to] the United States Constitution and Articles 1.1 and 1.16 of the Ohio Constitution.

(Compl. at ¶ 6.) The trial court appropriately analyzed the provisions of the city code, just as Ullmann requested in her complaint, and concluded that they are neither overbroad nor vague. Additional declaratory relief would have been inappropriate.

{¶ 17} In this assignment of error, Ullmann also challenges the trial court's finding that the language of C.C.C. 4501.275 and 4703.01(F) are not overbroad or vague. "The ability to invalidate legislation is a power to be exercised only with great caution and in the clearest of cases. That power, therefore, is circumscribed by the rule that laws are entitled to a strong presumption of constitutionality and that a party challenging the constitutionality of a law bears the burden of proving that the law is unconstitutional beyond a reasonable doubt." *Yajnik v. Akron Dept. of Health, Hous. Div.*, 101 Ohio St.3d 106, 2004-Ohio-357, ¶ 16, citing *State ex rel. Dickman v. Defenbacher* 164 Ohio St. 142 (1955), paragraph one of the syllabus.

{¶ 18} "Due process demands that the law give sufficient warning of what conduct is proscribed so that people may conduct themselves so as to avoid that which is forbidden." *Columbus v. Bahgat*, 10th Dist. No. 10AP-943, 2011-Ohio-3315, ¶ 20, citing *Rose v. Locke*, 423 U.S. 48, 50 (1975). When a party challenges a statute or rule under the void-for-vagueness doctrine, "the court must determine whether the enactment (1) provides sufficient notice of its proscriptions to facilitate compliance by persons of ordinary intelligence and (2) is specific enough to prevent official arbitrariness or discrimination in its enforcement." *Norwood v. Horney*, 110 Ohio St.3d 353, 2006-Ohio-3799, ¶ 84, citing

*Kolender v. Lawson*, 461 U.S. 352, 357 (1983). "A civil statute that does not implicate the First Amendment is unconstitutionally vague only if it is so vague and indefinite that it sets forth no standard or rule or if it is substantially incomprehensible." *Columbia Gas Transm. Corp. v. Levin*, 117 Ohio St.3d 122, 2008-Ohio-511, ¶ 46.

{¶ 19} We agree with the trial court that the language in C.C.C. 4501.275 and 4703.01(F) is not so vague, overbroad, or indefinite that it sets no standard or is indecipherable. C.C.C. 4501.275 defines "public nuisance" as:

> [A]ny structure or vehicle, which is permitted to be or remain in any of the following conditions:
>
> (A) In a dilapidated, decayed, unsafe or unsanitary condition detrimental to the public health, safety, and welfare, or well being of the surrounding area; or (B) A fire hazard; or (C) Any vacant building that is not secured and maintained in compliance with Chapter 4513; or (D) Land, real estate, houses, buildings, residences, apartments, or premises of any kind which are used in violation of any division of Section 2925.13, Ohio Revised Code.
>
> "Public nuisance" also means any structure, vehicle, or real property which is not in compliance with any building, housing, zoning, fire, safety, air pollution, health or sanitation ordinance of the Columbus City Code or Columbus City Health Code, or any real property upon which its real property taxes have remained unpaid in excess of one (1) year from date of assessment.
>
> "Public nuisance" means any of the following:
>
> 1. Any building, premises, or real estate, including vacant land, or any appurtenance thereto which is not in compliance with any building, housing, nuisance abatement, air pollution, sanitation, health, fire, zoning, or safety code of the City of Columbus;
>
> 2. Any building, premises, or real estate, including vacant land, or any appurtenance thereto upon which its real property taxes have remained unpaid in excess of one (1) year from date of assessment;
>
> 3. Any building, premises, or real estate, including vacant land, or any appurtenance thereto on, which a felony violation of Ohio Revised Code Chapters 2925 or 3719 has occurred;

4. Any building, premises, or real estate, including vacant land, or any appurtenance thereto as defined as a nuisance or public nuisance in Ohio Revised Code Chapter 3767.

5. Any building, premises, or real estate, including vacant land, or any appurtenance thereto that is used or occupied by a criminal gang (as defined in RC 2923.41) on more than two (2) occasions within a one (1)-year period to engage in a pattern of criminal gang activity (as defined in RC 2923.41).

6. Any building, premises, or real estate, including vacant land, or any appurtenance thereto used in violation of Ohio Revised Code Chapter 2915.

{¶ 20} Columbus City Code 4703.01(F) uses much of the same language as C.C.C. 4705.275. It defines "public nuisance" as any of the following:

1. Any building, premises or real estate, including vacant land, or any appurtenance thereto which is not in compliance with any building, housing, nuisance abatement, air pollution, sanitation, health, fire, zoning or safety code of the City of Columbus;

2. Any building, premises or real estate, including vacant land, or any appurtenance thereto upon which its real property taxes have remained unpaid in excess of one (1) year from date of assessment;

3. Any building, premises or real estate, including vacant land, or any appurtenance thereto on which a felony violation of Ohio Revised Code Chapters 2925 or 3719 has occurred;

4. Any building, premises or real estate, including vacant land, or any appurtenance thereto as defined as a nuisance or public nuisance in Ohio Revised Code Chapter 3767.

5. Any building, premises or real estate, including vacant land, or any appurtenance thereto that is used or occupied by a criminal gang (as defined in RC 2923.41) on more than two (2) occasions within a one-year period to engage in a pattern of criminal gang activity (as defined in RC 2923.41).

6. Any building, premises or real estate, including vacant land, or any appurtenance thereto used in violation of Ohio Revised Code Chapter 2915.

7. Any building, premises or real estate, including vacant land, or any appurtenance thereto on which a felony offense of

violence as defined by Ohio Revised Code Section 2901.01 has occurred, except that it does not include any violation of sections 2919.25 or 2919.27 of the Revised Code.

{¶ 21} We agree with the trial court that the city code's definitions of "public nuisance" are not indecipherable, are understandable for a person of ordinary intelligence, and reasonably give warning as to what conduct or condition would give rise to a public nuisance. While Ullmann asserts that these provisions of the city code are "ridiculous" and create "fertile ground for prosecutorial misconduct" in their enforcement, this is not the proper standard for constitutional review here. (Appellant's Brief at 26.) As the party challenging the constitutionality of the provisions of the city code Ullmann:

"must show that the statute is vague 'not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all.' In other words, the challenger 'must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do' and 'must prove, beyond a reasonable doubt, that the statute was so unclear that he could not reasonably understand that it prohibited the acts in which he engaged.' "

*Columbus v. Kim*, 118 Ohio St.3d 93, 2008-Ohio-1817, ¶ 7, quoting *State v. Anderson*, 57 Ohio St.3d 168, 171 (1991), quoting *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971).

{¶ 22} Here, the provisions of the city code are designed to ensure the health, safety, welfare and well-being of the public and, the city's definitions of "public nuisance" set out readily understandable standards by reference to other provisions of the code. Ullmann did not prove that C.C.C. 4703.01(F) and 4501.275 are so vague or overbroad that they provide no standard of conduct at all. Accordingly, we overrule Ullmann's second assignment of error.

## C. Assignment of Error No. 3

{¶ 23} In her third assignment of error, Ullmann argues that the trial court did not grant appropriate relief after determining that R.C. 3767.41 does not apply to single family homes. Namely, Ullmann argues that the trial court erred by failing to find the complaint filed against Ullmann in the Franklin County Municipal Court Environmental Division to be mendacious and to enjoin the City from filing complaints against other property owners under R.C. 3767.41. We do not agree.

{¶ 24} Ullmann's complaint requested a declaratory judgment that "the city cannot maintain any civil action against owner occupied property of 3 or few[er] units pursuant to R.C. 3767.41 for building code violations." (Compl. at ¶ 2.) The trial court agreed, clearly stated that R.C. 3767.41[1] does not apply to single family homes, and granted summary judgment in Ullmann's favor on her first claim. (Decision & Entry at 5.) The trial court's judgment fully resolved Ullmann's request for declaratory relief regarding R.C. 3767.41, and no further relief was necessary or appropriate. While Ullmann argues on appeal that the trial court should have dismissed the City's enforcement action against her in the Franklin County Municipal Court, the trial court did not have jurisdiction to do so. As the trial court clearly stated, the enforcement action was not at issue in this case.[2] We therefore overrule Ullmann's third assignment of error.

### D.  Assignment of Error No. 4

{¶ 25} In Ullmann's fourth assignment of error, Ullmann argues that the trial court erred in its ruling regarding R.C. Chapter 713. In her complaint, Ullmann requested a declaratory judgment that "R.C. 713.13 does not allow a municipality to obtain an[] injunction[] for minor or aesthetic building code violations." (Compl. at 14.) R.C. 713.13 states that:

> No person shall erect, construct, alter, repair, or maintain any building or structure or use any land in violation of any zoning ordinance or regulation enacted pursuant to sections 713.06 to 713.12, inclusive, of the Revised Code, or Section 3 of Article XVIII, Ohio Constitution. In the event of any such violation, or imminent threat thereof, the municipal corporation, or the owner of any contiguous or neighboring property who would be especially damaged by such violation, in addition to any other remedies provided by law, may institute a suit for injunction to prevent or terminate such violation.

{¶ 26} The trial court reviewed R.C. 713.06 through 713.12 and found that R.C. 713.13 "only allows for injunctions on properties that violate the building code described within R.C. 713.09, location of buildings and set back," and held that whether the location

---

[1] R.C. 3767.41(2)(a) defines a "public nuisance" as a "building" that meets certain prescribed criteria, but R.C. 3767.41(A)(1) expressly states that, as used in R.C. 3767.41, " 'Building' does not include any building or structure that is occupied by its owner and that contains three or fewer residential units."

[2] As of the date of this decision, the status of the environmental civil case *Columbus v. Ullmann,* Franklin M.C. No. 2018 CVH 060661, is marked as inactive on the Franklin County Municipal Court Clerk's website.

of a building upon its land could qualify as an aspect of aesthetics would need to be reviewed on a factual basis. (Decision & Entry at 6.) The trial court reasoned the only "building code" in R.C. 713.06 through 713.12 is R.C. 713.09, which addresses the location of a building upon its land.

{¶ 27} The trial court appropriately interpreted R.C. 713.13. When interpreting a statute, " '[t]he court must first look to the plain language of the statute itself to determine the legislative intent.' " *State ex rel. Peregrine Health Servs. of Columbus, LLC v. Sears*, 10th Dist. No. 18AP-16, 2020-Ohio-3426, ¶ 29, quoting *State v. Bundy*, 4th Dist. No. 11CA818, 2012-Ohio-3934, ¶ 46. "When a statute's meaning is clear and unambiguous, we apply the statute as written." *State v. Gonzales*, 150 Ohio St.3d 276, 2017-Ohio-777, ¶ 4. We do not find the text of R.C. 713.13 to be ambiguous, and we agree with the trial court's interpretation of the plain language of the statute.

{¶ 28} While Ullmann takes issue with the trial court referencing the "building code," that is the term Ullmann used in her request for relief concerning R.C. 713.13 in her complaint; she requested a declaratory judgment that R.C. 713.13 does not permit injunctions "for minor or aesthetic *building code* violations." (Emphasis added.) (Compl. at 14.) Nevertheless, the statute the trial court references, R.C. 713.09, pertains to zoning. R.C. 713.09 allows municipal corporations to include in districting or zoning plans regulations concerning the build and location of buildings and structures, including the percentage of lot occupancy, set back building lines, and the area of yards, courts, and other open spaces. The trial court's judgment fully decided Ullmann's request for declaratory judgment when it held that R.C. 713.13 only allows for injunctions on properties that violate the building code described within R.C. 713.09, location of buildings and set back, but that whether a violation of R.C. 713.09 could be considered an aesthetic building code violation will require a case-by-case, factual determination.

{¶ 29} In another argument that strays from the relief she requested in her complaint, Ullmann argues that the City cannot cite R.C. 713.13 as authority for enjoining maintenance violations on her Bryden Road property because there are no zoning issues at her property. Again, however, the complaint against Ullmann's property was not before the trial court for its consideration. We therefore overrule Ullmann's fourth assignment of error.

### E. Assignment of Error No. 5

{¶ 30} In her fifth assignment of error, Ullmann argues that the trial court erred in its finding regarding R.C. 715.261. Her complaint stated that "[t]his action seeks a declaratory judgment that R.C. 715.30 does not authorize a municipality to obtain an injunction against a property owner for minor building defects, such a[s] peeling paint. This section only concerns structural defects that affect the integrity of a building." (Compl. at ¶ 4.)

{¶ 31} R.C. 715.30 states:

> No person shall erect, construct, alter, repair, or maintain any residential building, office, mercantile building, workshop, or factory, including a public or private garage, or other structure, within any municipal corporation wherein ordinances or regulations have been enacted pursuant to sections 715.26 to 715.29, inclusive, of the Revised Code, or Section 3 of Article XVIII, Ohio Constitution, unless said ordinances or regulations are fully complied with. In the event any building or structure is being erected, constructed, altered, repaired, or maintained in violation of any such ordinances or regulations, or there is imminent threat of violation, the municipal corporation, or the owner of any contiguous or neighboring property who would be especially damaged by such violation, in addition to any other remedies provided by law, may institute a suit for injunction to prevent or terminate such violation.

{¶ 32} The trial court looked to the language of R.C. 715.30 and found that "a municipality has the authority to bring a case seeking injunction against a property that has such defects from maintenance causing 'peeling paint' if said maintenance violates a municipal ordinance or imminently threatens violation of an ordinance not in conflict with any other state law." (Decision & Entry at 7.)

{¶ 33} When interpreting a statute, we again look to the plain language to determine the legislative intent and if the language is not ambiguous, we apply it as written. *Peregrine Health Servs. of Columbus* at ¶ 29; *Gonzales* at ¶ 4. We do not find the text of R.C. 715.30 to be ambiguous, and we agree with the trial court's interpretation of the plain language of the statute. R.C. 715.30 allows municipal corporations to seek injunctions for maintenance issues, if those maintenance issues violate a municipal ordinance or imminently threatens to violate an ordinance.

{¶ 34} In this assignment of error, Ullmann also argues that the trial court erred in failing to determine that R.C. 715.30 does not grant the City any authority to seek an injunction on buildings with maintenance violations. Ullmann cites the City's complaint against her property and claims the City is filing other similar complaints against other properties. (Appellant's Brief at 38.) We again note that the complaint against Ullmann's property is not before this court. We therefore overrule Ullmann's fifth assignment of error.

### F. Assignment of Error No. 6

{¶ 35} In her sixth assignment of error, Ullmann argues that the trial court erred in failing to determine that the City is violating her due process rights and the requirements of eminent domain. In her complaint, Ullmann requested the trial court to "[d]eclare that the City of Columbus cannot seize single family homes except through eminent domain procedures required by Ohio Const. Art. 1 Section 19 and violates the 5th and 14th Amendments of the United States Constitution." (Compl. at 14.)

{¶ 36} After holding that the Fifth Amendment does not apply to a home seizure, which is a civil proceeding, the trial court determined that the seizure of a single-family home, pursuant to R.C. 715.26, "for the purpose of repair or removal of the building to ensure structures are in sanitary conditions to promote public health, safety, morals, and the general welfare of the public does not violate the 14th Amendment [to] the United States Constitution." (Decision & Entry at 11.) We agree with the trial court.

{¶ 37} The Fourteenth Amendment states that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

{¶ 38} R.C. 715.26 states:

> Any municipal corporation may:
>
> (A) Regulate the erection of buildings or other structures and the sanitary condition thereof, the repair of, alteration in, and addition to buildings or other structures;
>
> (B) Provide for the inspection of buildings or other structures and for the removal and repair of insecure, unsafe, or structurally defective buildings or other structures under this section or section 715.261 of the Revised Code. At least thirty days prior to the removal or repair of any insecure, unsafe, or

structurally defective building, the municipal corporation, or its agent pursuant to an agreement entered into under division (E) of section 715.261 of the Revised Code, shall give notice by certified mail of its intention with respect to such removal or repair to the holders of legal or equitable liens of record upon the real property on which such building is located and to owners of record of such property.

{¶ 39} R.C. 715.26(B) codifies due process and notice requirements needed for "the removal and repair of insecure, unsafe, or structurally defective buildings or other structures" by requiring notice to owners of record at least 30 days before any removal or repair to real property. *See Cleveland v. Colby*, 8th Dist. No. 111400, 2022-Ohio-4207, ¶ 30.

{¶ 40} We are therefore not persuaded by Ullmann's assertions that single family homes may not be seized in any action other than eminent domain proceedings. Ohio Constitution, Article XVIII, Section 3 provides that "municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits local police, sanitary and other similar regulations, as are not in conflict with general laws." Under the powers of local self-government, a municipality may enact ordinances relating to zoning. *Garcia v. Siffrin Residential Assn.*, 63 Ohio St.2d 259, 270 (1980). Such is the case here. R.C. Chapter 715 grants authority to municipal corporations to regulate buildings and other structures for the general health, safety, and welfare of the public, and also contains due process safeguards by providing notice to affected owners of property. Accordingly, we overrule Ullmann's sixth assignment of error.

### G.  Assignment of Error No. 7

{¶ 41} In her seventh assignment of error, Ullmann asserts that the trial court erred in failing to determine that the City is committing sanctionable conduct by filing complaints similar to the one it filed against her property. We do not agree. Ullmann's complaint did not request a determination by the trial court on whether the City was committing sanctionable conduct. Therefore, we find no error by the trial court. Ullmann's seventh assignment of error is overruled.

### H.  Assignment of Error No. 8

{¶ 42} In her eighth assignment of error, Ullmann argues that the trial court correctly determined that the provisions of the C.C.C. relied on by the City are criminal but

that it failed to make a necessary finding regarding how the fabrication of an illegal civil complaint violates the constitutional rights of homeowners.  In her complaint, Ullmann requested the trial court to "[d]eclare that Columbus City Code Section 4701.99 designates property maintenance violations to be criminal" and that it "does not authorize improper civil actions" for redressing building-code violations. (Compl. at ¶ 5.)  Ullmann argues that the City is deceptively filing "bogus" civil complaints to bypass due process requirements to obtain a criminal conviction.  (Appellant's Brief at 45-46.)

{¶ 43}  The trial court recognized that C.C.C. 4701.99 states that "[w]hoever violates any provision of this code is guilty of a misdemeanor of the first degree," but it also noted that C.C.C. 4701.99(E) allows the City to pursue enforcement of the Nuisance Abatement Code through civil complaints for injunctive relief in the Franklin County Municipal Court's Environmental Division.  We discern no error in the trial court's reading of C.C.C. 4701.99, which allows for both criminal and civil enforcement of the Nuisance Abatement Code and the Ohio Revised Code.  The trial court did not err by refusing to find that the City is engaging in fabrication of illegal civil complaints, nor is there evidence in the record to support Ullmann's claims to that effect.  We overrule her eighth assignment of error.

### I.  Assignment of Error No. 9

{¶ 44}  In her ninth assignment of error, Ullmann argues that the trial court erred in failing to find that the fines authorized by C.C.C. 4509.99 are excessive and therefore unconstitutional.  We do not agree.

{¶ 45} The United States Supreme Court has found that a forfeiture violates the excessive fines clause of the U.S. Constitution if it is grossly disproportional to the gravity of an offense.  *U.S. v. Bajakajian*, 524 U.S. 321, 334 (1998).  We do not find the fines authorized by C.C.C. 4509.99 to be grossly disproportional to the violations to be redressed thereby. C.C.C. 4509.99 *caps* violations of the city's housing code at no more than $1,000.00 and "is drafted in such a fashion as to allow the courts enforcing the law to determine on a case[-]by[-]case basis what is and is not a proportionate fine as related to the defendant's offense, a misdemeanor of the first degree." (Decision & Entry at 12.)  We agree with the trial court that the law works to protect against fines grossly disproportionate to the gravity of the defendant's offense.  Accordingly, we overrule Ullmann's ninth assignment of error.

## V.  CONCLUSION

{¶ 46}  For these reasons we overrule all nine of Ullmann's assignments of error and affirm the trial court's decision.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

————————————